**Terry Lee GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 43822.

Court of Criminal Appeals of Texas.

May 26, 1971.

Roscoe R. Zierlein, Baytown, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert Markowitz, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault with the punishment being assessed at 7 years.

In two grounds of error the appellant contends the trial court erred in permitting the State to introduce evidence of an extraneous offense for the purpose of showing intent, system, design, identity, etc., when said offense had not resulted in a felony conviction.

Philip W. Welch, Jr., manager of Household Finance Company at 5822 South Park in Houston, testified that on January 21, 1969, the appellant, accompanied by another man, entered his place of business, opened his coat, displayed a shotgun and demanded money. At gunpoint approximately $400.00 was taken from the care, custody and control of the witness Welch without his consent while he was in fear of his life or serious bodily injury.

Welch's testimony was corroborated by that of his assistant, Wayne Taylor, who was present during the robbery. Both men subsequently identified the appellant at a lineup.

Appellant then called police officer Schallert who testified that at the first of two lineups Welch had tentatively identified a person other than the appellant as

his assailant and that the appellant was not in such lineup. He later qualified his testimony to show that Welch had said one of the men in the first lineup had the same physical characteristics of his assailant. It was shown that Taylor made no identification at the first lineup and at the second lineup in which the appellant appeared both Taylor and Welch separately made ready and positive identification of him as the robber.

Testifying in his own behalf, the appellant denied the alleged offense and related he was in the State of Louisiana from Friday night, January 17 until January 24, 1969. His alibi was supported by the testimony of a brother who lived in Louisiana.

In rebuttal the State offered evidence that appellant made a bank deposit in Houston on January 21, 1969. The deposit slip bearing appellant's signature was offered into evidence without objection.

The State also called Mrs. Bessie Newson, who testified she was the owner of the Leeland Drug Store in Houston, and that the appellant robbed her at gunpoint on January 3, 1969. It was this testimony which the appellant claimed improperly interjected evidence of an extraneous offense into the case.

It clearly appears that the issue of identity was raised when the appellant offered officer Schallert's testimony. Certainly by denying the offense and offering evidence as to alibi the appellant called into question Welch's and Taylor's identification of him as the man who committed the alleged robbery, thus authorizing the admission of the extraneous offense. Owens v. State, Tex. Cr.App., 450 S.W.2d 324; Parks v. State, Tex.Cr.App., 437 S.W.2d 554; Wagner v. State, Tex.Cr.App., 463 S.W.2d 432. See also 42 A.L.R.2d 854, 876.

The extraneous offense, which had resulted in a conviction but was not final since it was on appeal at the time of the instant trial, was not used to impeach the appellant as a witness in his own behalf.

See Article 38.29, Vernon's Ann.C.C.P. We know of no rule which, under the circumstances here presented, would prevent the use of testimony of an extraneous offense to show intent, system, design, identity, etc., or to rebut the defensive theory of alibi unless such offense had resulted in a final conviction.

The judgment is affirmed.