**Tommie English BRYANT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44106.**

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Ron S. Galloway, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. The punishment was assessed by a jury at two hundred years.

Appellant presents 6 grounds of error, only two of which are briefed.

 First, contention is made that the trial court erred in overruling objections and denying motion for mistrial "to the state raising the issue of the Defendant being in the State Penitentiary, prior to the Defendant taking the stand."

Michael L. Hill testified that he was the night manager of the Parkit Market, a drive-in grocery in Dallas. On December 8, 1969, he was shot and robbed during a successful holdup at the store. He identified the appellant as the lone robber.

The defense called James A. Duncan who testified that from December 5th through December 8th, 1969, he and appellant were together in Arkansas. He stated that at the time of the robbery they were on the way back from Arkansas.

On cross-examination, witness Duncan stated that he first met the appellant during September, 1969, at Duncan's place of business, the J & B Lounge in Dallas. He was then asked if he didn't know that the appellant was in the penitentiary during the month of September and was not released until October 14, 1969. We perceive no error in this method of cross-examination. The question was proper to test the knowledge and credibility of appellant's witness. Matthews v. State, 80 Tex.Cr.R. 177, 189 S.W. 491.

 Moreover, the record reflects that appellant testified in his own behalf, against the advice of counsel. He admitted on direct examination his prior felony convictions, including the fact that he had gotten out of the penitentiary on October 14, 1969. By introducing evidence to the same effect, appellant waived any objection. Ansley v. State, Tex.Cr.App., 468 S. W.2d 862; Arreguin v. State, Tex.Cr.App., 463 S.W.2d 729.

Next, appellant complains the court erred in admitting into evidence extraneous offenses of robbery in Dallas County on November 24th, December 11th and December 16th, 1969.

Evidence as to said extraneous offenses was offered only in rebuttal after the appellant had raised an issue as to the defense of alibi. The record reflects that these offenses were robberies of grocery stores and were conducted in a similar manner as the case at bar. Such offenses were offered to show identity, intent, system and design and to rebut the defense of alibi. Since the issue of identity was raised by the introduction of such testimony, the evidence of the extraneous offenses was admissible. Owens v. State, Tex.Cr. App., 450 S.W.2d 324; Blankenship v. State, Tex.Cr.App., 448 S.W.2d 476.

We have examined the remainder of appellant's grounds of error and find them to be without merit.

Finding no reversible error, the judgment is affirmed.