**Tom MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45611.

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Craig A. Washington, Sr., of Wade, Ramus & Washington, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Charles Campbell, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, twenty years imprisonment.

The sufficiency of the evidence is not challenged and the first ground of error complains of the admission into evidence of extraneous offenses.

The complaining witness, Victor Patrick, a supervisor for Dentler Potato Chip Company, testified that he was "pulling" a delivery route on December 28, 1970, for a salesman who was off work. At approximately 2:00 p. m., he had parked his delivery truck, a "step-in van," in front of the Booker T. Grocery Store. Having ascertained the customer's needs, he returned to his truck and as he stepped up inside the van he heard someone behind him. He turned around and saw the appellant with a gun in his hand, with only the barrel visible. The appellant then relieved Patrick of $149.00 in cash and checks. As Patrick reached for his billfold, the appellant told him to keep his hands out of his pockets and to turn around. Patrick turned around and the appellant left. The appellant was wearing blue plaid pants and a blue shirt with small checks. He was quiet and was not nervous during the encounter.

After the State rested, the appellant, testifying in his own behalf, denied that he committed the offense and offered alibi testimony.

In rebuttal, the State offered the testimony of Mitchell James Walters, a Frito Lay route salesman. At approximately 12:45 p. m. on January 13, 1971, while in his delivery truck, a "step-in van," parked in front of a grocery store, the appellant approached and said, "Have you got a light?" Walters said "No." The appellant said "Give me your money." The appellant pulled a pistol which had been tucked in his belt and took Walters' billfold containing about $220.00 in cash and checks. This testimony had all been elicited before objection was made.

The State then offered the testimony of Charles David Waychesyn, a route salesman for the Frito Lay Company, who was servicing his accounts on Jenson Drive on January 14, 1971. At approximately 3:45 p. m. he was in his van delivery truck which was parked in front of the Wing-Y Grocery Store. A man he identified as the appellant, carrying a revolver which he could only partially see, opened the partly closed door of the van and said, "Let me have it." Waychesyn was frightened, jumped and hollered. The appellant stepped back for a moment, then came back and Waychesyn handed the appellant $117.00.

The State then offered the testimony of Barney Bennett, a district sales manager for Frito Lay Company, who on November 5, 1970, was servicing accounts in a van-type route sales truck on Jenson Drive. He had been in the Coleman Supermarket and got back in his van and sat down to write his order when someone said the word "money." He looked up and saw a man he identified as the appellant who was holding a gun partially covered by a hat. When told by the witness that he only had some checks and a few one dollar bills, the appellant said, "I know you have more money than that. I want it and you better hurry." This witness said the appellant had on blue britches and a blue shirt, spoke softly and was not excited.

■ The appellant's defense of alibi raised the question of his identity as the man who robbed the complaining witness. This authorized the admission of the three extraneous offenses offered by the State. Bryant v. State, 471 S.W.2d 66 (Tex.Cr. App.1971); Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971); Gray v. State, 467 S.W.2d 474 (Tex.Cr.App.1971); Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1969); Parks v. State, 437 S.W.2d 554 (Tex.Cr. App.1969), and see and compare Ford v. State, 484 S.W.2d 727 (Tex.Cr.App.1972). The similarity of the extraneous offenses to that for which the appellant was being tried as determined from the facts already stated is obvious.

■ The appellant's second ground of error, complaining of the court's instruction to the jury limiting their consideration of the extraneous offenses, is not before us for review because a timely objection at the time of trial was not made as required by Article 36.14, Vernon's Ann.C.C.P.

**284**

Ross v. State, 486 S.W.2d 339 (Tex.Cr. App.1972); Smith v. State, 479 S.W.2d 311 (Tex.Cr.App.1972); and Elmo v. State, 476 S.W.2d 296 (Tex.Cr.App.1972).

 The appellant's remaining ground of error asserts that he was denied effective assistance by his trial counsel who he retained as counsel of his choice. This is a general, conclusory and nonspecific allegation and is therefore not properly before the court. Article 40.09, Sec. 9, V.A.C.C. P. Lawson v. State, 467 S.W.2d 486 (Tex.Cr.App.1971) and Chatman v. State, 478 S.W.2d 91 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.