**Cruz DeLAO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45527.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Randolph D. Hurt, Merritt F. Hines, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. Two prior convictions were alleged for enhancement. After a verdict of guilty, the judge assessed the punishment at life.

The sufficiency of the evidence is not challenged. In the controlling issue before us, the appellant complains that the court erred in overruling his motion for continuance.

Officers armed with a search warrant went to appellant's home in Midland and found four "shot papers" of heroin in the pockets of his trousers.

The complaint that the trial court erred in refusing to grant the motion for continuance is based on the contention that counsel did not have time to adequately prepare for trial.

Article 26.04, Vernon's Ann.C.C.P., provides that "appointed counsel is entitled to ten days to prepare for trial." The case was tried October 11, 1971. On June 24, 1971, the Honorable Bill Harrison was appointed by the court as counsel for the appellant. On July 7, 1971, after the trial judge learned that Harrison was no longer practicing law in Midland, he appointed the Honorable Randolph Hurt to represent the appellant. To assist Hurt in the case the court, on September 23, 1971, appointed the Honorable Merritt Hines.

Counsel now insists that they should have been allowed more time to jointly prepare for trial. This is contended because Hurt had been engaged in the civil practice of law for an oil company and was not experienced in criminal cases. Counsel apparently rely upon a local rule of the trial court which allows the appointment of additional counsel in certain cases.

Hurt had more than ten days allowed under Article 26.04, supra, to prepare for trial. Hines was also appointed more than ten days in advance of trial. Hines has had many years experience in the trial of criminal cases. There is no showing of inadequate representation by counsel. See Davidson v. State, Tex.Cr.App., 399 S.W.2d 808.

■ The overruling of motion for a continuance on non statutory grounds is a matter of discretion of the trial judge. No abuse of discretion or error has been shown. 1 Branch's Ann.P.C.2d, Section 327, page 365.

■ Next, the appellant contends that the court should not have admitted evidence of the result of the search because of the alleged invalid search warrant. The sufficiency of the warrant is attacked on the grounds that it does not sufficiently describe the property to be searched and that sufficient probable cause was not shown by the affidavit for the magistrate to issue the search warrant.

When the evidence was offered only a general objection was made that the warrant was invalid. However, we have reviewed the warrant and the affidavit and find that the property searched was adequately described and that sufficient facts were stated to show probable cause.

No reversible error being shown, the judgment is affirmed.