**John Allen FAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45640.**

Court of Criminal Appeals of Texas.

Jan. 24, 1973.

Parnass, Clement & Cline by Michael Greenberg, Irving, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The appellant's conviction is for knowingly and intentionally with lascivious intent exposing his private parts to a female person under the age of sixteen years. The punishment, three (3) years' imprisonment.

The appellant's first ground of error is that the court erroneously admitted evidence of a subsequent extraneous offense.

Six girls ranging from twelve to fifteen years of age were walking along the street toward their homes after leaving the school grounds when they observed the appellant driving slowly by two times exhibiting to them his private parts.

The appellant's complaint is directed to the testimony of four of the witnesses who two days later as they were walking home from school saw the appellant sitting on a

bridge exhibiting to them his private parts. The same car that he had been driving on the previous occasion was parked nearby.

■ The appellant offered defensive evidence of alibi by his own testimony and that of other witnesses. This defense raised the issue of his identity and authorized the admission of evidence of the extraneous offense. Smith v. State, 409 S. W.2d 409 (Tex.Cr.App.1966); Schneider v. State, 392 S.W.2d 130 (Tex.Cr.App.1965); Martin v. State, 489 S.W.2d 282 (Tex.Cr. App.1973); Bryant v. State, 471 S.W.2d 66 (Tex.Cr.App.1971); Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971).

The appellant's two remaining grounds of error complain that photographic displays ". . . viewed by the State's witnesses were so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification of the appellant."

The appellant's objection was timely raised. The testimony of six witnesses concerning their viewing of two photographic exhibits was heard outside the presence of the jury. The trial court then made specific findings of fact, which are included within the record, that the witnesses' in-court identification of the appellant was not tainted by viewing the exhibits. See and cf. Martinez v. State, 437 S. W.2d 842 (Tex.Cr.App.1969). The six witnesses testified before the jury over the objections of the defendant.

Within seven days after the incident occurred the six witnesses were individually shown from six to ten black and white photographs from which two of the witnesses identified the appellant. Four witnesses did not identify the appellant from the photographs they were shown but the evidence does not show that his photograph was among those exhibited to them. Prior to its commencement on the day of the trial each of the six witnesses identified the appellant from a group of six colored photographs. Although some of the witnesses were in the same room when the photographs were viewed by other witnesses no witness, before making her identification, knew which phothograph the other witnesses had identified as being the appellant.

Both sets of photographs were of white males of relatively the same age as the appellant. None of the witnesses were shown to have identified any other person than the appellant as being the one who committed the offense. The exhibits were not shown to have been made in a suggestive way.

At the time of the commission of the offense each of the witnesses had a good opportunity to observe the appellant. The trial court found that the appellant's appearance at the time of trial was similar to the description of the appellant given to investigating officers by the witnesses soon after the offenses was committed. Each of the witnesses testified that her identification of the appellant at the time of the trial was not influenced by her viewing the photographs. They testified their identification of the appellant at the time of trial was based upon their seeing him at the time the offense was committed.

■ The evidence in the record supports the trial court's finding that the identification of the appellant made by each of the witnesses at the trial was not tainted by their viewing of the photographic exhibits.

There is nothing in the record to indicate that the photographic identification procedures were so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Marshburn v. State, 491 S.W.2d 663 (Tex.Cr.App.1973); Nash

v. State, 486 S.W.2d 561 (Tex.Cr.App. 1972); Dunlap v. State, 477 S.W.2d 605 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.