Charles Edward GILLON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46018.

Court of Criminal Appeals of Texas.

April 18, 1973.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty. and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, fifty (50) years.

Five of appellant's grounds of error relate to extraneous offenses.

In his first two grounds of error appellant contends that the admission of evidence of two extraneous offenses was error.

On direct examination the complaining witness identified appellant as the man who hit him over the head during the course of the robbery in question. On cross-examination the complaining witness was successfully impeached by showing that he had identified someone other than appellant, at the time he testified before the

grand jury, as being the person who struck him over the head during the robbery. This being so, the court was not in error in admitting proof of other robberies such as those introduced here which occurred in the same locality within two weeks after the robbery charged in the indictment and which were similarly executed against business establishments by at least two black males in addition to appellant. Appellant was identified as one of the individuals participating in each of those robberies by eyewitnesses present at those offenses.

■ Recent decisions of this Court appear to be uniform in holding where the injured party is impeached in a material detail of his testimony, then extraneous offenses are admissible on that point. See Franklin v. State, Tex.Cr.App., 488 S.W.2d 826; Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97; Rogers v. State, Tex.Cr.App., 484 S.W.2d 708; Caldwell v. State, 477 S.W.2d 877.

■ The next three grounds of error, presented without citation of authority, complain of the court's charge regarding extraneous offenses. The court's charge as given is that which was approved by this Court in Purvis v. State, Tex.Cr.R., 63 S.W.2d 1030. See also Owens v. State, Tex.Cr.App., 450 S.W.2d 324, and Willson's Texas Criminal Forms, Section 3601. We find no error in the court's failure to charge as requested.

■ Appellant's last four grounds of error relate to the failure of the court to charge at the punishment stage of the trial that the jury could not consider the extraneous offenses developed at the guilt or innocence phase in determining the punishment assessed. Appellant cites no authority which supports his position and we have concluded that the charge, given at the punishment phase of the trial wherein he incorporates by reference the charge given at the guilt or innocence phase of the

trial including the limiting instruction as to extraneous offenses, is sufficient and fully protected appellant's rights.

Finding no reversible error, the judgment is affirmed.