Larry Edward **HENRIKSEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46386.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 7, 1973.

Randy Taylor, Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, forty years' imprisonment.

The appellant's first two grounds of error concern the excusing of a prospective juror. During voir dire examination, the juror responded affirmatively when asked if she had ever been interested in the outcome of a criminal case. She was then directed to come before the bench. What transpired there was not reported in the record. At the conclusion of the bench conference, the Court excused the juror for cause, although the record does not reflect that challenge for cause was made by either the State or defense counsel. Defense counsel objected to the Court's excusing the prospective juror and requested that her statements then be reported. The trial court refused, but later stated on the record that the juror had informed the Court that her son had been convicted and sentenced to life imprisonment for robbery, and that as a juror she could not assess a life term for robbery.

When the prospective juror was not challenged for cause by the State the Court should not have excused her on the grounds shown in the record which did not constitute an absolute disqualification. See Art. 35.19, Vernon's Ann.C.C.P. and Ernster v. State, 165 Tex.Cr.R. 422, 308 S.W.2d 33 (1957). While it is quite inconceivable that the State would not have challenged the prospective juror for cause, nevertheless, such challenge could have been waived. Further, the Court should have permitted defense counsel to make a record showing the facts surrounding the Court's action. See Art. 40.09, § 4, V.A.C.C.P.; Vines v. State, 479 S.W.2d 322 (Tex.Cr. App.1972) and Evans v. State, 430 S.W.2d 502 (Tex.Cr.App.1968).

■■ Do these errors constitute reversible error? [1]

The record before us shows that the prospective juror excused by the Court was not willing to consider the full range of punishment including the maximum provided by law in the event the appellant was found guilty. Therefore, the appellant was not entitled to have her serve on the jury. See Art. 35.16(b)3, V.A.C.C.P. Furthermore, the appellant has not shown that he was tried by a jury to which he had a legitimate objection.

The appellant, prior to trial, had requested that the voir dire examination of the jury be reported. This request did not include a specific request that the bench conferences held out of the hearing of the jury be reported. The voir dire examination of the jury was reported and is included in the record but the bench conference at which the prospective juror was questioned was not reported and is not included in the record. The facts in this case are different from those in Jones v. State, 496 S.W.2d 566 (Tex.Cr.App.1973); Miller v. State, 472 S.W.2d 269 (Tex.Cr.App.1971) and Morris v. State, 411 S.W.2d 730 (Tex.Cr.App.1967), where requests that the voir dire examination be reported were refused by the trial judge. Here, no such refusal is shown; appellant simply failed to make the necessary request that the bench conferences be reported.

We conclude that grounds of error numbers one and two do not present reversible error.

■■ In his third ground of error, appellant challenges the trial court's refusal of his application to take depositions of the witnesses named on the indictment. The trial court has wide discretion to grant or deny applications for depositions under Art. 39.02, V.A.C.C.P.; McCrea v. State,

494 S.W.2d 821 (Tex.Cr.App.1973); Beard v. State, 481 S.W.2d 875 (Tex.Cr.App.1972); Aguilar v. State, 468 S.W.2d 75 (Tex.Cr.App.1971). In order for this Court to hold that a trial court has abused his discretion, an appellant must show on appeal that he was injured by such action. Beshears v. State, 461 S.W.2d 122 (Tex.Cr.App.1970). In the instant case appellant's request was only conditionally denied, the Court saying it would be granted if the witnesses refused to talk with appellant's counsel. In view of these circumstances and on the record before us, no abuse of discretion is shown. Gentry v. State, 494 S.W.2d 169 (Tex.Cr.App.1973); Tucker v. State, 461 S.W.2d 630 (Tex.Cr.App.1970).

■ Appellant's complaint that the trial court refused to release him on personal bond prior to trial, ground of error number four, is moot, since appellant has now been convicted of the offense, for which the punishment exceeds fifteen years. Art. 44.04(h), V.A.C.C.P.; Ex Parte Contella, 485 S.W.2d 910, 912, (Motion for Rehearing) (Tex.Cr.App.1972); Ex Parte Clay, 479 S.W.2d 677 (Tex.Cr.App.1972).

■ In his fifth ground of error, appellant complains that the Court refused to allow him personally to consult with the defense witnesses. Appellant's counsel was appointed more than ten months prior to trial, giving counsel ample time to interview witnesses, and to consult with appellant in preparation for such interviews. The record reflects no injury to appellant arising from the Court's refusal to allow him personally to consult with the witnesses. No abuse of discretion is shown.

■ Appellant also alleges harm in the Court's refusal to grant him investigative expenses under Art. 26.05, § 1(d), V.A.C.C.P., which provides compensation for ex-

---

1. The appellant in his motion for new trial alleged but offered no proof to show that he was entitled to a new trial on these grounds. The allegations in the motion for new trial do not prove themselves. Whitson v. State, 495 S.W.2d 944 (Tex.Cr.App.1973); Mackey v. State, 480 S.W.2d 720 (Tex.Cr.App.1972).

penses incurred for purposes of investigation. Appellant had not incurred investigative expenses at the time, and the Court indicated no unwillingness to allow such expenses if they should be incurred. Appellant has shown no injury resulting from the ruling of the Court, and we find no abuse of discretion. See Cherry v. State, 488 S.W.2d 744 (Tex.Cr.App.1972); Shelton v. State, 462 S.W.2d 285 (Tex.Cr.App. 1970); Chamberlain v. State, 453 S.W.2d 490 (Tex.Cr.App.1970); Eggleston v. State, 422 S.W.2d 460 (Tex.Cr.App.1967).

■ Appellant argues in his sixth ground of error that he was denied meaningful review of the record because he was denied sufficient opportunity to question the witnesses during the pre-trial identification hearing. The record reflects that appellant's counsel was allowed considerable latitude in interrogating the witnesses at the pre-trial hearing and that he was permitted unlimited cross-examination at the trial. The record does not show an abuse of discretion. This ground of error is overruled.

■ Appellant next complains that the in-court identification of certain witnesses was tainted because some months after the offense the witnesses were shown photographs from which they identified a picture of appellant. At a pre-trial hearing on the issue, the trial court made specific findings of fact, contained in the record, and concluded that the identification was not tainted. See· Fagan v. State, 489 S.W. 2d 578 (Tex.Cr.App.1973); Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969).

The record in the instant case supports the trial judge's conclusion that the identification was not tainted. Although some three months had elapsed from the date of the offense before the witnesses were shown the photographs, there is no evidence that either witness ever identified any other person as the robber. Each witness was interviewed separately in his home. One witness was shown a single group of twelve photographs in which the appellant's picture appeared only once. The other witness was shown three groups of photographs, appellant's picture appearing only in the last group. Both testified that appellant's picture was not emphasized in any way, that they received no help or suggestions from the police, that their identification of appellant was neither based on nor strengthened by the photographs, and that their memory of appellant was based solely on seeing him at the time of the robbery. Each witness was positive in his identification and was not shaken by extensive cross-examination. Appellant's counsel was given ample opportunity during his cross-examination to expose to the jury the potential for error involved in photographic identification procedures. Compare Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

The evidence does not indicate that the photographic identification procedure used here was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. Simmons v. United States, supra; Fagan v. State, supra.

■ Appellant also argues that the trial court erred in admitting testimony relating to the photographs viewed by the witnesses, on the ground that this action violated the "best evidence rule." This Court has recently dealt with this rule in detail. See Overton v. State, 490 S.W.2d 556 (Tex.Cr.App.1973). The best evidence rule applies only to documents.

■ In his ninth ground of error, appellant complains that the Court allowed evidence of an extraneous offense to be heard by the jury. The appellant offered testimony to show the defense of alibi. This defense raised the issue of his identity as the robber, and authorized admission of evidence of extraneous offenses for the purpose of showing identity. Fagan v. State, supra; Martin v. State, 489 S.W.2d 282 (Tex.Cr.App.1973); Frison v. State,

473 S.W.2d 479 (Tex.Cr.App.1971). A rebuttal witness called by the State testified that some six months prior to the offense for which appellant was on trial appellant had robbed another supermarket where the witness was employed. The evidence reflects that the extraneous offense was committed in a manner similar to the offense charged. The evidence was properly admitted. See Martin v. State, supra; Bryant v. State, 471 S.W.2d 66 (Tex.Cr. App.1971); Owens v. State, 450 S.W.2d 324 (Tex.Cr.App.1969); Blankenship v. State, 448 S.W.2d 476 (Tex.Cr.App.1969).

Appellant argues in his tenth ground of error that the Court should have granted his request for continuance based on surprise when evidence of an extraneous offense was admitted. Such a request is directed to the discretion of the Court. See DeLao v. State, 489 S.W.2d 613 (Tex. Cr.App.1973); Bradshaw v. State, 482 S. W.2d 233 (Tex.Cr.App.1972); Coleman v. State, 481 S.W.2d 872 (Tex.Cr.App.1972). This record shows that appellant filed two pre-trial motions relating to the extraneous offense. These motions indicate that appellant and his counsel were aware of this evidence and thus could not have been surprised by its use. No abuse of discretion is shown. Cf. Hoagland v. State, 494 S. W.2d 186 (Tex.Cr.App.1973) and Bradshaw, supra.

Ground of error eleven urges that the trial court erred in failing to charge the jury after the punishment hearing that it could not consider evidence relating to an extraneous offense in determining the appellant's punishment. The evidence relating to the extraneous offense was adduced at the guilt-innocence phase and not at the punishment phase of the trial. After the guilt-innocence phase the appellant leveled an objection to the charge that it did not instruct the jury that evidence of the extraneous offense could not be used for any purpose. The charge submitted by the Court after the guilt-innocence phase

limited the jury's consideration of the evidence concerning the extraneous offense to their determination of the identity of the appellant. The Court also instructed the jury that it could use this evidence for no other purpose. At the punishment phase of the trial the appellant timely objected because the Court's charge did not contain an instruction that the jury could not use evidence concerning the extraneous offense in determining the punishment to be assessed. The Court did not specifically respond to this objection. However, the jurors had been instructed that the charge submitted after the guilt-innocence phase of the trial contained the law applicable to the case and the charge submitted after the punishment phase instructed the jury to set the punishment in accordance with the law. In Gillon v. State, 492 S.W.2d 948 (Tex. Cr.App.1973) the same question was presented. It was concluded that the charge given at the punishment phase of the trial which incorporated by reference the charge given at the guilt-innocence phase of the trial, including the limiting instruction as to the extraneous offense, was sufficient and fully protected the rights of the appellant. We likewise conclude that no reversible error is reflected here. See Art. 36.19, V.A.C.C.P.[2]

The appellant in his twelfth ground of error contends the trial court erred in overruling a supplement to his motion for new trial relating to newly discovered evidence that a witness was incompetent and unbelievable. The appellant cites no authority and makes no argument in support of this ground of error. Therefore, it will not be considered. Art. 40.09, § 9, V.A.C.C.P.; Hayes v. State, 484 S.W. 2d 922 (Tex.Cr.App.1972); Gaines v. State, 481 S.W.2d 835 (Tex.Cr.App.1972); Schoier v. State, 480 S.W.2d 657 (Tex.Cr. App.1972).

Appellant's thirteenth ground of error asserts that the Court violated the "Gaskin rule" when it failed to require

2. This question would not have been raised if the requested instruction had been given.

production of a statement supposed to have been given by a witness for the State. The portion of the record designated does not reveal whether the witness' statement to police officers was written or oral. The Assistant District Attorney stated he did not have a copy of a statement made by this witness. Appellant has failed to preserve error since he took no steps to have the written statement, if it existed, included in the record on appeal. See Corbett v. State, 493 S.W.2d 940 (Tex.Cr.App.1973); Lewis v. State, 481 S.W.2d 804 (Tex.Cr. App.1972); Zanders v. State, 480 S.W.2d 708 (Tex.Cr.App.1972).

 Appellant's grounds of error numbers fourteen through twenty-five are contained in a supplemental brief not filed with the trial court as required by Art. 40.-09, § 9, V.A.C.C.P. These grounds of error are not properly before the Court for review. Jones v. State, 478 S.W.2d 937 (Tex.Cr.App.1972). The Court will only review those questions which "should be reviewed in the interest of justice." Art. 40.09, § 13, V.A.C.C.P.; Green v. State, 490 S.W.2d 826 (Tex.Cr.App.1973). The record has been considered and these grounds do not raise fundamental error.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I agree with the affirmance of this conviction and state the features of this case which impel such conclusion. The robber demonstrated a peculiar trait in that he entered both the supermarkets (in both the primary and extraneous offenses) with a paper bag in his possession and handed the same to the person he robbed. Paper bags are normally readily available in supermarkets, but this robber brought his own to both establishments. The robber wore a "golf" type cap and sunglasses (both in April and October at times when they were more suspect than in midsummer). The establishments which were robbed were of such nature that more than ten thousand dollars was acquired from the first and more than five thousand dollars from the second.

Though not without difficulty, I have concluded that the above similarities are sufficient to distinguish this case from Ford v. State, 484 S.W.2d 727, upon which appellant relies.

I concur.