**Ronald Frank MYRE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 52676, 52677.**

Court of Criminal Appeals of Texas.

Jan. 19, 1977.

W. John Allison, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum, Bob Hinton and Jim Burnham, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These appeals are from convictions for the offense of aggravated robbery; the punishment in each case is imprisonment for 75 years.

The appellant contends that the State willfully failed to disclose evidence favorable to him. This contention arises out of a "Gaskin rule" error. Officer R. C. Johnson had made a prosecution report; it was a summary of witnesses' expected testimony taken from the offense reports made by other officers, and it was also a summary of the circumstances in which the appellant made written pre-trial confessions to Johnson.

Johnson testified out of the presence of the jury in a hearing to determine whether the appellant's confessions were voluntary. Article 38.22, V.A.C.C.P., and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). After Johnson had testified on direct examination defense counsel requested a copy of the prosecution report prepared by Johnson for use in his cross-examination. The prosecutor's objection was sustained. The record reflects that the report was denied defense counsel

because Johnson had not refreshed his memory from the report prior to testifying. It was error not to permit counsel the use of the report even though it had not been used by Johnson to refresh his memory. *Hoffman v. State,* 514 S.W.2d 248 (Tex.Cr. App.1974); *White v. State,* 496 S.W.2d 642 (Tex.Cr.App.1973); *Zanders v. State,* 480 S.W.2d 708 (Tex.Cr.App.1972); *Gaskin v. State,* 353 S.W.2d 467 (Tex.Cr.App.1962). However, the record reflects that prior to the closing of the evidence the report was tendered to the defense counsel and he had an opportunity to interview Johnson after reading the report.

The appellant points out that Johnson testified before the court in the *Jackson v. Denno* hearing that he did not make Polaroid camera photographs of the appellant prior to taking the confessions. The report showed that Johnson did make Polaroid camera photographs of the appellant prior to taking the appellant's confessions. It is argued that the delay in tendering the report resulted in the defense using tactics that were not as effective as if the report had been made available at the proper time. Counsel asserts that if the report had been available at the proper time Johnson could have been impeached by its use. The appellant says then he would have testified before the jury, to raise before it the issue of the voluntariness of the confessions. In view of the record presented, including the prior convictions of the appellant, which would have become admissible, and the strength of the eyewitness' identification testimony, it is rather speculative to say that the delay in furnishing the report to defense counsel would have greatly changed the strategy and tactics used in the trial. The report was furnished before the testimony was closed. Defense counsel could have recalled Johnson for cross-examination and he could have then offered the appellant's testimony. We do not take the argument advanced here on appeal lightly, but we are convinced in light of the whole record, reversible error is not presented.

A more serious problem would be presented if it appeared that it was the State's intentional trial tactic to delay furnishing the report to defense counsel. The record reflects, however, that the State and the court, although wrong, were in good faith in believing that the Gaskin rule did not require that the report be made available to defense counsel when the witness had not refreshed his memory from the report. This misconception about the Gaskin rule has been explained in *Hoffman v. State,* supra; *White v. State,* supra; and *Zanders v. State,* supra. The State did not willfully fail to disclose evidence favorable to the appellant and the delay in furnishing defense counsel the report in these circumstances was not reversible error. See *Sheldon v. State,* 510 S.W.2d 936 (Tex.Cr.App. 1974).

The appellant contends that the court erred in ruling that appellant's confession was voluntary and in failing to charge the jury on the issue of its voluntariness. In compliance with the requirements of Article 38.22, V.A.C.C.P., and *Jackson v. Denno,* supra, the court held a hearing outside the presence of the jury to determine whether appellant's confession was voluntary.

We will summarize the evidence. Officer Johnson was investigating the robbery of Bonnie Bailey at Bonnie's Drive-in grocery. He worked the 4:00 p. m. to midnight shift. On May 31, 1975, he was told that the appellant was in jail charged with the robbery of Sandra Tharp at a One Hour Martinizing laundry. At about 11:30 p. m. Johnson brought appellant from the jail to question him concerning the robbery of Bonnie Bailey. Johnson told appellant he thought that appellant was involved in other robberies. When appellant started discussing the robbery at the grocery store, Johnson read appellant his constitutional rights as they are printed on the forms used to take an accused's confession. The form contains the warnings required by Article 38.22, V.A.C.C.P. and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After he read appellant his rights, Johnson testified that he asked appellant if he understood them and appellant said that he did and wished to make a statement.

Johnson took appellant's statement down in longhand, read this back to appellant, then had it typed on the forms. Thereafter, Johnson read the statement, including the printed warning at the top, to the appellant and he signed it. The same procedure was followed in obtaining appellant's confession to the robbery at the laundry. Johnson stated that he did not take appellant before a magistrate because he did not think one would be available at that late hour. It took approximately an hour and a half to two hours to take the statements.

Appellant testified at the hearing for the limited purpose of contesting the voluntariness of his statements. He stated that he was arrested between 2:00 p. m. to 3:00 p. m. on May 31, 1975, and placed in jail about 6:00 p. m. He ate supper in the jail. At approximately 11:30 p. m. Officer Johnson took him to the interrogation room at the police department. He was photographed and told that they would show the pictures to witnesses. Appellant stated that Officer Johnson thumbed through a large book that listed robberies, told him they had filed charges against him for the robbery at the grocery store, and that they thought he had committed five or six armed robberies. He said he was asked if he wanted to make a statement or have his attorney present. When he told Johnson he wanted a lawyer, the officer told him he would be furnished one when he was transferred to County Jail. Appellant testified that when he said he didn't want to make a statement Officer Johnson slapped him off the chair and told him to get his business straightened up or they were going to file more charges. The officer left the room and was gone about fifteen to twenty-five minutes. When he came back he had in his hands a piece of white paper with writing on it. Appellant said that when he refused to sign it Johnson hit him again, twisted his arm behind his back, and said if he didn't sign it something a lot worse would happen. Thereafter, the appellant signed the statement, but said it was not read to him and he was not allowed to read it. He stated that he never saw the woman who signed the statement as a witness. Appellant further testified that

Johnson never advised him of his rights, but that the officer who arrested him did read part of his rights. He said he was not taken before a magistrate until the next day. Appellant said that he did not sign the statement freely or voluntarily, but under harassment and abuse.

On cross-examination appellant admitted that he had previously been convicted of four cases of armed robbery and sentenced to fifteen years in prison on each case in 1966. Thereafter, Officer Johnson was recalled and denied each fact about which the appellant testified. In response to questions by the court Johnson denied each of the allegations of abuse, coercion, and threats.

The court overruled appellant's objections to the confessions and admitted them into evidence. Thereafter, the court filed written findings of fact and conclusions of law. The court found beyond a reasonable doubt that appellant had been advised of his rights; that he understood them and knowingly, voluntarily, and intelligently waived his rights; that the statements were his voluntary statements; and that the statements were made in full compliance with Texas and Federal law and were therefore admissible.

■ The judge at the *Jackson v. Denno* hearing is the sole judge of the weight and credibility of the witnesses. He may choose to believe or disbelieve all or part of any witness' testimony. *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974). The evidence raised an issue of fact as to the voluntary nature of appellant's statements. There was ample evidence to support the trial judge's findings and we sustain the trial court's decision that the confession was voluntary and admissible in evidence. *Short v. State,* 511 S.W.2d 288 (Tex.Cr.App. 1974). The fact that appellant was not taken before a magistrate until after he gave his statement does not vitiate a confession that is otherwise properly obtained. Unreasonable delay in bringing an accused before a magistrate only renders the confession inadmissible upon a showing of

some causal connection between the delay and the making of the confession. There is no such showing here. *Jurek v. State,* 522 S.W.2d 934 (Tex.Cr.App.1975); *Lester v. State,* 490 S.W.2d 573 (Tex.Cr.App.1973).

■ Appellant also contends that the court erred in refusing to charge the jury on the voluntariness of the confessions. Appellant did not testify before the jury; he did not call any witness on the issue, and there was no evidence before the jury which raised the issue of voluntariness. The court did not err in refusing the charge. *Morgan v. State,* 502 S.W.2d 722 (Tex.Cr.App.1973); *Mosley v. State,* 494 S.W.2d 557 (Tex.Cr.App.1973).

■ Complaint is made that the trial court erred in refusing to allow the appellant to testify before the jury for the limited purpose of controverting the voluntariness of his confession. When an accused voluntarily takes the stand before a jury he is subject to the same rules as any other witness. He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of the defendant, except when some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case or his failure to testify on a former trial or hearing. *Brumfield v. State,* 445 S.W.2d 732 (Tex.Cr.App.1969). It has been the consistent rule for many years that an accused may not take the witness stand before a jury for a limited purpose. *Gonzales v. State,* 160 Tex.Cr. 548, 272 S.W.2d 524 (1954); *Rubens v. State,* 166 Tex.Cr. 71, 311 S.W.2d 242 (1958); *Brumfield v. State,* supra, and cases cited therein.

The rule in *Lopez v. State,* 384 S.W.2d 345 (Tex.Cr.App.1964), and subsequent cases, that an accused may take the stand in a preliminary hearing to determine the voluntariness of his confession is an exception to this general rule. This exception is necessary because an accused may be deterred from testifying on the voluntariness issue before the jury because of his vulnera-

bility to impeachment by proof of prior convictions and broad cross-examination. The fear of such impeachment may induce a defendant to remain silent, although he is perhaps the only source of testimony on the facts underlying the claim of coercion. *Jackson v. Denno,* supra, footnote 16. This Court noted the distinction pointed out in *Jackson v. Denno* between the *credibility* of the confession (which is for the jury) and the *admissibility* of the confession (which is determined by the judge alone). *Lopez v. State,* supra, 384 S.W.2d at 348. We hold that an accused may not take the stand *before the jury* for the limited purpose of contesting the voluntariness of his confession. If he testifies before the jury he is subject to cross-examination the same as all other witnesses.

■ Appellant contends that the court erred in admitting evidence obtained as a result of an illegal search and seizure. He complains of the admission of State's Exhibit No. 1, a bank bag, and State's Exhibit No. 2, a .22 caliber pistol. The arresting officer, R. L. Reid, testified that on May 31, 1975, he received information concerning an armed robbery that had taken place at the One Hour Martinizing laundry. The information included the appellant's name, an address, and an automobile license plate number. The officer observed the automobile bearing the license plate number in question in front of a home with the address he had been given. The appellant was standing in front of the automobile with the hood up, and he appeared to be working on the automobile. When appellant identified himself as Ronald Myre and the owner of the automobile, the officer called him over to the police car. The officer explained why he was there, placed the appellant under arrest and searched his person for weapons. As a result of the search the officer found State's Exhibit No. 2, a fully loaded .22 caliber pistol, inside appellant's left boot. One of the investigating officers, Stanley L. McNeer, while standing on the street, looked into appellant's automobile and saw a bank bag in plain view. At his request another officer retrieved the

bag which was identified at trial as State's Exhibit No. 1. Sandra Tharp identified the bank bag as the one appellant told her to put all of the money from the cash register into.

Police broadcasts, based on probable cause, reporting a felony and a description of the suspect satisfy the requirements for arrest under Article 14.04, V.A.C.C.P.; *Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App. 1975), and cases cited therein. Sandra Tharp stated that she gave the police officers a description of the robber and the license plate number of the automobile in which the robber left. Officer Wesley Bradshaw testified that he arrived at the One Hour Martinizing laundry approximately three to four minutes after the robbery of Sandra Tharp. As a result of his investigation the license plate number of the suspect's automobile was broadcast over the police radio.

The information known to Officer Bradshaw was sufficient probable cause. to arrest the appellant. When this information was broadcast over the police radio, Officer Reid was authorized to arrest the appellant. The search of appellant incident to the lawful arrest was clearly authorized and the gun was admissible in evidence. *Guzman v. State,* supra; *Wood v. State,* 515 S.W.2d 300 (Tex.Cr.App.1974); *Hooper v. State,* 516 S.W.2d 941 (Tex.Cr.App.1974); *Reed v. State,* 522 S.W.2d 916 (Tex.Cr.App.1975). The bank bag was in the automobile which appellant used to flee the scene of the robbery and in plain view of the officer as he was standing on a public street pursuant to a lawful arrest and investigation. *Hunnicutt v. State,* 531 S.W.2d 618 (Tex.Cr.App. 1976), and cases cited in footnote 4. No error is presented.

 Appellant contends the court abused its discretion in denying his motion for the appointment of an investigator to locate two alibi witnesses. Article 26.05(d), V.A.C.C.P., provides compensation "for expenses *incurred* for purposes of investigation and expert testimony . . ." (Emphasis added). It is within the discretion of the trial court whether or not to provide compensation for expenses incurred for purposes of investigation. Appellant's counsel has not shown he incurred any such expenses. *Henriksen v. State,* 500 S.W.2d 491 (Tex.Cr.App.1975); *Eggleston v. State,* 422 S.W.2d 460 (Tex.Cr.App.1967).

Appellant filed a motion for continuance in order to locate the missing witnesses on October 28, 1975, after the State had rested its case. The record reflects that a subpoena for one witness was not issued until October 27th, the day before trial. Appellant admitted that he was the only one that could find the witness and that a private investigation would not help. Appellant has not shown he was harmed by the court's action in refusing to appoint an investigator. The court did not abuse its discretion. *Chamberlain v. State,* 453 S.W.2d 490 (Tex. Cr.App.1970); *Shelton v. State,* 462 S.W.2d 285 (Tex.Cr.App.1970).

 Appellant also says that the court erred in admitting improper hearsay testimony before the jury. Sandra Tharp, the complaining witness in the robbery at the One Hour Martinizing laundry, testified that after appellant stole the money from her at gunpoint he made her lie down on the floor in the back of the laundry. When she heard the door close she ran to the front of the shop just as a customer came in who had seen the robber leave. She told the customer, who she later learned was Jerry Beacroft, "Could you follow that man? He has just robbed me and he has a gun; be careful." The customer ran out the door and she called the police. The court permitted her to testify, over appellant's objection that the customer told her the license plate number of the robber's car was HDG 145.

Appellant contends this was hearsay. We agree. The out-of-court statement was offered to prove the truth of the matter asserted therein. The court ruled that the statement was res gestae of the offense. The statement may well have been an excited utterance, an exception to the hearsay rule; however, in the record before us a sufficient predicate was not laid for us to determine whether the statement was in fact an excited utterance. The State con-

tends that the statement was a present sense impression. It was not admissible as a present sense impression because the witness did not have an equal opportunity to observe and check a possible misstatement of Beacroft. See *Anderson v. State,* 454 S.W.2d 740 (Tex.Cr.App.1970); McCormick, Law of Evidence, Sec. 298 (2d ed. 1972).

A judgment will not be reversed for error in the admission of evidence that did not injure the appellant. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Cunningham v. State,* 500 S.W.2d 820 (Tex.Cr.App.1973). The convictions are supported by positive eyewitness identification, the appellant's written confessions, and physical evidence in the possession of the appellant when he was arrested that connected him with the offense. Therefore, the admission of the hearsay testimony was harmless error.

The judgments are affirmed.

Opinion approved by the Court.