**Affirmed and Memorandum Opinion filed December 9, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00831-CR

### VICTOR MANUEL ROQUE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 87269-CR**

## MEMORANDUM OPINION

A jury convicted appellant Victor Manuel Roque of the first-degree felony of aggravated robbery on or about April 7, 2019. Tex. Penal Code Ann. §§ 29.02 (robbery), .03 (aggravated robbery). Appellant pleaded true to an enhancement paragraph for a previous conviction for aggravated robbery with a deadly weapon, and the jury assessed an enhanced punishment of imprisonment for 40 years. *See* Tex. Penal Code Ann. §§ 12.32 (first-degree-felony punishment), .42(c)(1) (enhancement). Roque raises four issues on appeal: (1) the evidence supporting the

element of identification was legally insufficient; (2) the trial court reversibly erred by declining to instruct the jury on lesser-included offenses; (3) the trial court reversibly erred by declining to remove a juror after the juror had a death in the family; and (4) the trial court reversibly erred by revoking appellant's pretrial bond. We affirm.

## I.    BACKGROUND

Complainant Quyen Pham testified that, after he arrived home one evening driving his Chevrolet Silverado pickup truck, a small gray pickup truck that had been following him stopped behind him in his driveway. Two people got out of the gray truck, both carrying guns. One of the people, whom complainant described that night as wearing a black shirt and blue jeans, pointed his gun at complainant. At least one other person remained in the gray truck. The men took complainant's phone, keys, and wallet, which had $400 in it. The two people drove off in complainant's Silverado, and the small pickup also drove off. Complainant was not able to see any of the people's faces.

The same night, the Silverado was located by police in a parking lot along with a small gray pickup truck. After the Silverado drove off, a high-speed chase ensued, which ended when the Silverado crashed into a tree near a wooded area. Several people got out of the Silverado and fled into the woods. The first person getting out on the driver's side wore a dark shirt with a light image on it. Appellant was apprehended in the woods. He was wearing a dark shirt with a light image on it and jeans. Complainant's wallet was found in the crashed Silverado, without any money in it. When he was apprehended, appellant had $417 on him. Appellant was arrested, along with three other people who were apprehended in the same area.

Complainant was taken that same night to see the arrestees. Appellant was brought before complainant, who identified appellant as "the one that had the gun."

Complainant, however, then became confused as to whether appellant had been involved or pointed a gun at him. At trial, complainant could not identify appellant as having been involved in the incident.

After his arrest, appellant gave a statement to police. He stated that he had been hanging out with the other arrestees that evening, then "blacked out." He stated that he only woke up when he was told to run after the truck crashed.

## II. ANALYSIS

### A. Evidentiary sufficiency

In issue 1, appellant challenges the legal sufficiency of the identification evidence supporting his conviction. *See Miller v. State*, 667 S.W.2d 773, 775 (Tex. Crim. App. 1984) (identification is element State must prove). In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We may not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the jury. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's resolution of any conflicting inferences from the evidence and presume that it resolved such conflicts in favor of the judgment. *Jackson*, 443 U.S. at 326; *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.

3

Crim. App. 2007)).

Appellant argues that the only evidence identifying him as the perpetrator of, or a culpable participant in, the offense is the fact that he was found in the woods nearby the crashed vehicle. However, the following evidence, viewed in the light most favorable to the verdict as required on legal-sufficiency review, supports the identification element:

- The night of the incident, complainant identified the person who pointed a gun at him as wearing a black shirt and blue jeans. When apprehended in the woods after the crash, appellant was wearing a dark shirt with a light image on it and jeans. *See Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (evidence sufficient to support conviction based in part on testimony by complainant who identified perpetrator by clothing).

- After the Silverado crashed, a person wearing a dark shirt with a light image on it was the first person to get out on the driver's side. As above, when appellant was apprehended, he was wearing a dark shirt with a light image on it. *See Earls*, 707 S.W.2d at 85 (clothing may be considered in identification analysis*); see also Jackson v. State*, 530 S.W.3d 738, 743 n.1 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (evidence that defendant was observed in car and got out on driver's side is circumstantial evidence that defendant had driven the car).

- Complainant testified his wallet containing about $400 in cash was stolen. Complainant's wallet was found in the truck without any money in it. When appellant was apprehended, he had $417 on him. *Cf. Bonner v. State*, 492 S.W.2d 498, 500–01 (Tex. Crim. App. 1973) (evidence sufficient to support aggravated robbery conviction when, *inter alia*, money in appellant's possession exactly matched that taken from the victim).

- Complainant initially identified appellant as the person who had

4

pointed a gun at him, though he later stated he could not be sure appellant was involved in the incident.

- In his statement to police, appellant did not deny that he was in the truck when it crashed and stated that he fled after the crash. While not sufficient on its own, presence at a crime scene and flight from police may, in conjunction with other evidence, prove that appellant participated in the offense. *See Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979); *Sosa v. State*, 177 S.W.3d 227, 230 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

While there is conflicting evidence in the record—complainant identified the person pointing a gun at him as having long hair, which appellant did not have, and, in addition to recanting his initial identification of appellant, could not identify appellant in the courtroom—these conflicts go to the weight of complainant's testimony, which is an issue for the jury to resolve. *See Garza v. State*, 633 S.W.2d 508, 513 (Tex. Crim. App. 1982) (involving witnesses who were unable to observe accused's face but were able to see clothing and general physical characteristics). Considering the above evidence in the light most favorable to the verdict, a rational juror could infer that appellant threatened complainant with a gun in the course of his theft of complainant's property. Accordingly, this evidence is legally sufficient to identify appellant has having committed aggravated robbery, which offense is committed when, as relevant here, a person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death while exhibiting a deadly weapon in the course of committing theft. *See* Tex. Penal Code Ann. §§ 29.02(a)(2), .03(a)(2), 31.03(a).

We overrule issue 1.

## B. Lesser-included offenses

In issue 2, appellant argues the trial court reversibly erred by denying

appellant's request for jury instructions on the lesser-included offenses of theft and unauthorized use of a vehicle. A two-part test is used to determine whether a lesser-included offense may be submitted to a jury. *Campbell v. State*, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004). First, to be considered a lesser-included offense, the lesser offense must be included within the proof necessary to establish the offense charged. *Id.*; *see* Tex. Code Crim. Proc. Ann. art. 37.09. Second, some evidence must exist in the record that would permit a rational jury to find that if appellant is guilty, he is guilty only of the lesser offense. *Campbell*, 149 S.W.3d at 152.

Both theft and unauthorized use of a vehicle and theft can be lesser-included offenses of aggravated robbery based on their elements.[1] *Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016); *Griffin v. State*, 614 S.W.2d 155, 158 (Tex. Crim. App. 1981). The question, then, is whether the evidence in this case would permit a rational jury to conclude that appellant was guilty only of one of these lesser offenses. *Campbell*, 149 S.W.3d at 152. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). Although this threshold showing is low, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Sweed v. State*, 351 S.W.3d 63, 68 (Tex. Crim. App. 2011).

In his statement to police, appellant stated that he had been "chilling" with

---

[1] A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a). A person commits the offense of unauthorized use of a vehicle if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner. Tex. Penal Code Ann. § 31.07(a).

his friends before he "blacked out," only waking up when told to run after the truck crashed. This evidence supports a theory that appellant did not commit any offense at all, not that he committed either of the lesser-included offenses of theft or unauthorized use of a vehicle. *See Lofton v. State*, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001) ("A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser-included offense.").

We overrule issue 2.

## C. Juror removal

In issue 3, appellant argued the trial court reversibly erred by declining to remove a juror. During trial, one of the jurors had a death in her family, specifically her husband's grandmother. The trial court questioned the juror on the record as to whether she was able to continue her jury service. The juror stated she wanted to continue serving, and that her emotional state did not hinder her from doing so. The trial court determined, over appellant's objection, that the juror could continue serving.

The trial court may remove a juror who "becomes disabled from sitting at any time before the charge of the court is read to the jury[.]" Tex. Code Crim. Proc. Ann. art. 36.29(a). "[T]he trial court is the sole fact-finder and judge of the credibility of the testifying jurors," and we review its decision regarding removal for an abuse of discretion. *Scales v. State*, 380 S.W.3d 780, 784 (Tex. Crim. App. 2012).

Here, the testimony of the juror indicated that she was able to, and wished to, continue her jury service despite the death in her family. There was no testimony indicating she could no longer fulfill her duties as a juror. Based on this

record, the trial court did not abuse its discretion by declining to remove her from the jury.

We overrule issue 3.

## D. Revocation of bond

In issue 4, appellant argues the trial court committed reversible error by revoking his pretrial bond during trial. However, "[i]ssues concerning pre-trial bail are moot after the accused is convicted." *Oldham v. State*, 5 S.W.3d 840, 846 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (quotation omitted) (citing, *inter alia*, *Henriksen v. State*, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973)); *see also* Tex. Code Crim. Proc. Ann. art. 17.01 (defining "bail" to include "a bail bond or a personal bond").

We dismiss as moot issue 4.

### III.    CONCLUSION

We affirm the trial court's judgment as challenged on appeal.


/s/     Charles A. Spain
Justice

Panel consists of Justices Wise, Spain, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).