**Karen Denise GREEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–83–133–CR.**

Court of Appeals of Texas, Eastland.

March 15, 1984.

Brook A. Busbee, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Dallas, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction by a jury of murder. The jury assessed punishment at 25 years confinement in the Texas

Department of Corrections plus a $10,000 fine. We affirm.[1]

On December 14, 1981, witnesses saw a man stagger and fall onto a sidewalk in Dallas, thereafter dying from a gunshot wound to the neck. Appellant went through the decedent's pockets, removed his wallet, and gave a boy ten dollars. On January 4, 1982, in response to calls from police requesting that she come in to take a polygraph test, appellant came to police headquarters. When she arrived and was asked if she was there to take the polygraph test, she answered, "No, I am here to confess." She stated in her confession that she shot Mozell Harris, took his wallet after he fell, and gave a boy ten dollars.

During the guilt/innocence phase of trial, appellant testified for the limited purpose of the *Jackson v. Denno*[2] hearing in the jury's presence. She testified that she came to police headquarters to take a polygraph test because a police officer had told her that she would otherwise be charged with capital murder. While at police headquarters she testified that she decided to make a statement rather than take the scheduled polygraph test. At the close of the hearing, the court admitted the confession.

Appellant urges two grounds of error, with no challenge to the sufficiency of the evidence. In her first ground, appellant contends that the court erred in overruling her objection to the State's improper comment during jury argument on her failure to testify. Appellant argues that she did not testify at trial, but that she took the witness stand for the express, limited purpose of the *Jackson v. Denno* hearing to determine the voluntariness of the statement she gave police. We disagree.

■ The protections provided by *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), and codified in TEX.CODE CRIM.PRO.ANN. art.

38.22, sec. 6 (Vernon 1979), against forcing an accused to choose between asserting one constitutional right and surrendering another constitutional right against self-incrimination, do not apply where appellant chooses to conduct the *Jackson v. Denno* hearing in the jury's presence. Thus, if the hearing is conducted outside the jury's presence, cross-examination of the accused is limited to the voluntariness of the statement and the accused cannot be compelled to testify at trial. However, if the accused foregoes the constitutional and statutory protections by testifying in front of the jury at the guilt/innocence stage of trial, he has waived his right against self-incrimination and is subject to unlimited cross-examination on all relevant issues. *Myre v. State*, 545 S.W.2d 820, 825 (Tex.Cr.App. 1977) states:

> [A]n accused may not take the stand before the jury for the limited purpose of contesting the voluntariness of his confession. If he testifies before the jury he is subject to cross-examination the same as all other witnesses.

■ In the instant case appellant was not faced with the "intolerable choice" as in *Simmons v. United States*, supra, of giving up her constitutional right against self-incrimination in order to assert her constitutional right to challenge the voluntariness of her confession. She could have maintained the constitutional and statutory protections afforded by conducting the hearing outside the jury's presence. By choosing to testify in front of the jury, appellant waived her right against self-incrimination and her testimony was not for a limited purpose. Therefore, the prosecutor's argument was not a comment on appellant's failure to testify because she did testify, and her silence as to other matters could be used against her.

The first ground of error is overruled.

**1.** This appeal was abated in order to permit the trial court to make findings of fact in compliance with TEX. CODE CRIM.PRO.ANN. art. 38.-22, sec. 6 (Vernon 1981). The findings have now been made.

**2.** *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

In the second ground of error appellant alleges that the court erred in permitting the State to introduce appellant's confession. Appellant gave a confession rather than take a polygraph test. She urges that because of her excitable personality and her taking the decedent's money she knew she could not pass the test. She contends that the two telephone calls from police and the personal visit by a police officer requesting that she take a polygraph test, along with alleged threats of a capital murder charge if she did not take the polygraph test, raise a reasonable doubt as to the voluntariness of the confession.

The record reflects that she voluntarily came to police headquarters, that she was given a *Miranda*[3] warning prior to giving the statement, and she was not told that she had to make a statement. She was not offered or promised anything to induce her confession, because she was told that capital murder charges would be filed against her regardless of whether or not she came in. At the time she gave the statement she appeared to be of normal mentality and intelligence, and she did not appear to be suffering from illness. Appellant testified that although she was subject to muscle spasms from a nervous condition, she was not having spasms on the day of the confession.

The judge at the *Jackson v. Denno* hearing is the sole judge of the weight and credibility of the witnesses. He may believe or disbelieve all or any part of any witness' testimony. *Harville v. State*, 591 S.W.2d 864 (Tex.Cr.App.1979). We hold that under the totality of circumstances the evidence supports the trial court's finding that appellant's confession was freely and voluntarily given after being apprised of her rights.

The second ground of error is overruled.

The trial court's judgment is affirmed.

---

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).