Richard C. MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 249–83.

Court of Criminal Appeals of Texas, En Banc.

Nov. 23, 1983.

Roy Greenwood, court appointed, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., and Steve McCleery, Asst. Dist. Attys., Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of aggravated robbery. Punishment, which was enhanced by two prior convictions, was assessed at life.

Alleging eight grounds of error, appellant appealed his conviction to the Texarkana Court of Appeals. In an unpublished opinion issued February 1, 1983, the Court of Appeals affirmed appellant's aggravated robbery conviction. Appellant petitioned this court for review, which we granted.

In the sole issue before this Court, appellant contends the Court of Appeals erred in holding that the trial court properly charged the jury on the applicable burden of proof as to the defense of alibi and that the burden of proof submitted to the jury denied appellant due process of law. We find appellant's contention to be without merit and accordingly affirm the judgment of the Court of Appeals.

The trial court charged the jury on the law of alibi as follows:

"The defense set up by the defendant is what is known in the law as an alibi, that is, if the offense was committed, as alleged, then the defendant was at the time of the commission thereof at another and different place from that at which the same was committed, and therefore, was not and could not have been the person who committed same, if same was committed.

Now, *if the evidence raises in your mind a reasonable doubt* as to the presence of the defendant at the place where the offense was committed, at the time of the commission of the same, if the same was committed, you will give the defendant the benefit of such doubt and find him not guilty." (Emphasis added)

This Court has held that such an instruction on alibi is proper. See *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.1978); *Jordan v. State,* 500 S.W.2d 638 (Tex.Cr.App.1973); *Rice v. State,* 156 Tex.Cr.R. 366, 242 S.W.2d 394 (1951).

While appellant acknowledges that alibi is not a *statutory* affirmative defense, he asks this Court to characterize the defense of alibi as a common law affirmative defense, and thus, appellant argues that under the provision of V.T.C.A., Penal Code, § 2.04(d), the trial court erred in failing to charge that the defendant must prove the affirmative defense by a preponderance of the evidence.

In order to analyze appellant's argument, a brief review of the legal foundation supporting the defense of alibi is appropriate.

The literal meaning of "alibi" is "elsewhere." Black's Law Dictionary, 4th edition. As used in criminal law the term indicates a line of proof by which the defendant attempts to show that he could not have committed the crime of which he is accused because he was elsewhere at the time. 21 Am.Jur.2d Criminal Law § 136. In asserting alibi, the defendant simply denies the possibility of his having committed the crime, whereas all statutory affirmative defenses generally apply to justify his admitted participation in the act itself. See 9 Wigmore, Evidence § 2512 (Chadbourn rev. 1981); McCormick, Evidence § 321, at 683 (1954). The general rule is that the defendant does not have the burden of proving his alibi, the rationale being that alibi evidence tends to disprove one essential factor in the prosecution's case—namely the presence of the accused at the place and time of the alleged crime. See 29 Am.Jur.2d, Evidence, § 157, "Defensive Matters—Alibi" at 188–89. "For the most part, the courts mean only that it is the duty of the defendant to go forward with the evidence respecting an alibi if he relies upon this defense, so as to raise at least a reasonable doubt of his presence at the time and place of the commission of the alleged crime, and that the rule does not dispense with the necessity of the prosecution proving, where it is an essential part of the prosecution's case, the actual presence of the defendant at the time and place where the crime was committed." *Id.* at 189–90.

Alibi has never been characterized as an *affirmative* defense in this state but always as a *defense.* See *West v. State,* 140 Tex.Cr.R. 493, 145 S.W.2d 580 (1940); *Friga v. State,* 488 S.W.2d 430 (Tex.Cr.App.1973); *Jordan,* supra. Thus, we find that under V.T.C.A., Penal Code, § 2.03(d), the charge to the jury was proper.

In the same breath, appellant complains that he should have been given a jury charge on the question of whether appellant had proven his defense by a preponderance of the evidence and that such instruction, if it had been given as requested, would have been unconstitutional, citing *Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977).

Appellant's constitutional claim is not properly before this Court. The trial court did not charge the jury under V.T.C.A., Penal Code, § 2.04(d), and thus no potential constitutional error was committed.

In addition, appellant complains that his request for a converse charge—"an affirmative defense must be disproved beyond a reasonable doubt by the State—" was ignored. No such request is found in the record.[1] The objection at trial does not comport with appellant's allegation here. Thus, there is nothing presented for review. *Bouchillon v. State,* 540 S.W.2d 319, 322 (Tex.Cr.App.1976).

The judgment of the Court of Appeals is affirmed.

---

1. Appellant's objection at trial was:

"Secondly, with reference to the Court's charge on the law of alibi, which is Number 7, the defendant would submit that the defense of alibi is affirmative defense; therefore, we submit that under the law of Texas, that if the defendant proves such a charge by a prepon-derance of the evidence, that therefore, the jury should acquit. We believe that language drafted in some form should be given to the jury as opposed to the terminology of a reasonable doubt. I believe that the term 'preponderance of the evidence' is critical in order to properly apply the burden of proof."