Lynn E. WALKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–84–259–CR.

Court of Appeals of Texas, Austin.

Dec. 4, 1985.

Roy E. Greenwood, Austin, for appellant.

Ronald Earle, Dist. Atty., David A. Reynolds, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Lynn E. Walker appeals from his conviction for theft of property with a value more than $200.00 but less than $10,000.00, a third degree felony as the statute then provided. 1981 Tex.Gen. Laws, Ch. 298, § 1, at 849 [Tex.Pen.Code § 31.03]. The jury assessed punishment at five and one-half years confinement in the Department of Corrections. We will affirm the judgment of the trial court.

On December 21, 1982, at approximately 7:15 P.M., Milam Johnson discovered that certain items were missing which he had placed in the trunk of his car while jogging at the Austin hike and bike trail. These items included his wedding ring, a Buck knife, an Omega Sea Master watch, a rifle, numerous items of clothing, his billfold containing $80.00 in cash, a flight bag and a pair of shoes.

Later that evening, around midnight, Melissa Guynes and Paula Akridge returned to their car after an evening on Sixth Street and noticed that Akridge's purse was missing. As they looked for the purse, they also noticed two men who appeared to be watching them waiting in a large yellow car in the exit of the parking lot. They noted the license number of the yellow car, got into their own vehicle, and then drove until they found police Sergeant Walker a block away, and recounted the incident to him.

While talking to the sergeant, the women saw the yellow vehicle again. During this discussion two other officers had arrived at the scene and observed the yellow vehicle across the street in a parking lot in the 600 block of Trinity. As the officers were approaching the vehicle, they observed Walker crouched next to the driver's door of an unoccupied vehicle parked next to the yellow car. The yellow vehicle's lights were on and its motor was still running. When Walker saw the officers approaching, he jumped into the driver's seat of the yellow car. The officers ran to the front of the yellow car to prevent it from leaving. The sergeant recognized Lynn Walker and was aware of his past criminal record.

Walker and his companion were ordered to get out of the vehicle and were subsequently frisked by the officers. As the officers moved the men to the back of the car, the sergeant observed through the open driver's door of the vehicle some items he suspected to be burglary tools: specifically, a flashlight, gloves, two screwdrivers and a coathanger. The officers then arrested the two men and read them their *Miranda* rights. During a search of the car, the sergeant found a nail file on the floorboard which Akridge identified as belonging to her.

Walker was observed to be wearing a ring and watch at the time of his arrest. His companion, Andre Valdez, was found to be carrying a Buck knife. At the time of booking, the ring was no longer on Walker's hand. The officers searched for the ring and located it on a ledge near where the police van used to transport Walker and Valdez was parked.

Walker contends in his first ground of error that the trial court erred in overruling his motion to suppress because the evidence was not obtained incident to a legal arrest. According to Walker, the police did not have probable cause to arrest him and therefore any evidence they obtained was incident to an illegal arrest.

A police officer may arrest, without a warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace. Tex.Code Cr.P.Ann. art. 14.03 (Supp.1985). Whether effectuated with or without a warrant, an arrest must be predicated upon probable cause in order to be constitutional. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964). Probable cause to arrest exists when the knowledge of the arresting officer, founded upon reasonably trustworthy

information, would warrant a reasonable and prudent man to believe that a particular person has committed or is committing a crime, *Hawkins v. State,* 660 S.W.2d 65, 70 (Tex.Cr.App.1983); *Jones v. State,* 565 S.W.2d 934, 936 (Tex.Cr.App.1978); or that the instrumentality of a crime or evidence pertaining to a crime will be found, *Washington v. State,* 660 S.W.2d 533, 535 (Tex. Cr.App.1983). The State asserts that the facts and circumstances leading up to the appellant's arrest provided the officers with more than sufficient probable cause. We agree.

 The officers had information that two black males in a yellow vehicle with license number GEB–722 were present at the scene where Guynes discovered her car had been burglarized. Guynes and Akridge also informed the officers that the occupants of the vehicle were acting suspiciously as Guynes and Akridge looked for Akridge's purse. Approximately five minutes after the discovery of the Guynes burglary the yellow vehicle was spotted in a parking lot only one block away. As the officers approached the vehicle they observed Walker crouched beside an unoccupied vehicle parked next to the yellow car. The yellow car's motor was running and its lights were on. When Walker saw the officers approaching, he jumped into the driver's seat of the yellow car. Fearing that the suspects would leave, the officers stepped in front of the vehicle in order to stop it. The police sergeant recognized Walker and knew he had previously been arrested for burglary of a vehicle. When Walker and his companion exited the car and were told to move to the back of the car, the sergeant observed, in the front seat of the car, tools of the type that are used to burglarize vehicles.

These circumstances provide sufficient cause for a police officer to reasonably believe that a person had been guilty of some felony or breach of the peace or was about to commit some offense against the laws of the State. Art. 14.03, *supra. See also Muniz v. State,* 672 S.W.2d 804 (Tex.

Cr.App.1984). Accordingly, appellant's first ground of error is overruled.

Walker was charged with the theft of items from Johnson's car. In his second ground of error, Walker contends that the trial court erred in overruling his motion to suppress an extraneous offense, the burglary of Guynes' vehicle, because it was irrelevant and immaterial to the primary offense. Walker asserts, in addition, that the extraneous offense was so dissimilar to the primary offense as to preclude its admission.

 To avoid a jury trying a defendant for a collateral crime or for being a criminal generally, evidence of extraneous offenses generally is not admissible. An exception to the general rule against admission of extraneous offenses exists when evidence is offered to establish identity of the person or crime, intent, motive, system or a part of the res gestae of the offense on trial. *Bachhofer v. State,* 633 S.W.2d 869 (Tex.Cr.App.1982). Admission of an extraneous offense is constitutionally permissible if there is a strong showing that the defendant committed the offense and that the extraneous offense is rationally connected with the offense charged. *Enriquez v. Procunier,* 752 F.2d 111 (5th Cir. 1984), *cert. denied,* — U.S. —, 105 S.Ct. 2658, 86 L.Ed.2d 274 (1985). The prosecution must show that the extraneous offense is relevant to a material issue in the case and that the relevance of the evidence outweighs its inflammatory or prejudicial potential. *Williams v. State,* 662 S.W.2d 344 (Tex.Cr.App.1983).

 In this instance, the offense against Guynes and the circumstances surrounding Walker's arrest essentially linked him to the offense charged. The offense against Guynes, which occurred the same evening as the offense against Johnson, resulted in Walker's arrest. Upon his arrest Walker was found in possession of the ring and watch stolen from Johnson and Walker's companion was found carrying Johnson's Buck knife. The additional fact that the ring was seen on Walker's finger at the time of arrest, but was subsequently dis-

covered to have been removed and placed on a ledge near where the police van was parked, evidences an effort by Walker to conceal possession of the stolen property. The circumstances surrounding the extraneous offense against Guynes connected Walker to the offense against Johnson and identified Walker as a perpetrator. Consequently, the extraneous offense has probative value for the purpose of identity, outweighing its prejudicial potential. The extraneous offense was properly admitted, and Walker's second ground of error is overruled.

Walker contends in his third ground of error that the trial court erred in overruling his motion to suppress evidence of the circumstances immediately preceding arrest when he was seen crouching next to an unoccupied vehicle. Walker asserts this was an extraneous offense. The record reflects, however, that the State at no time asserted these circumstances as an extraneous offense of attempted burglary of a motor vehicle. These circumstances merely describe events surrounding Walker's arrest, which, as stated above, connected Walker with the offense charged because the stolen ring was found in his possession. Therefore, this testimony was admissible and appellant's third ground of error is overruled.

■ Walker asserts in his fourth ground of error that the trial court erred in failing to instruct the jury on the definition of reasonable doubt. This State has long recognized that the defendant in a criminal case is not entitled to a definition of the term "reasonable doubt" in the court's charge. *Pigg v. State*, 162 Tex.Cr.R. 521, 287 S.W.2d 673 (1956); *Lenert v. State*, 63 S.W. 563 (Tex.Cr.App.1901). *See also Young v. State*, 648 S.W.2d 2 (Tex.Cr.App. 1983) and authorities cited therein; *Whitson v. State*, 495 S.W.2d 944 (Tex.Cr.App. 1973). The fourth ground of error is overruled.

■ By his fifth ground of error, Walker contends the charge to the jury authorized conviction on a theory not alleged in the indictment. Specifically, he argues that be-

cause he was indicted as a party, it was improper to authorize his conviction if the jury found that he was "acting alone or with another as a party." *See Rico v. State*, No. 68,637 (Tex.Cr.App., June 29, 1983) (not yet reported).

> The indictment alleges
>
> that Lynn E. Walker alias Bat Walker and Andre Monte Valdez on or about the 21st day of December A.D.1982, ..., did then and there, with intent to commit theft, knowingly and intentionally break into and enter a vehicle without the effective consent of Milam Johnson, Jr., the owner, ....

Unlike the indictment in *Rico*, the instant indictment does not allege that Walker was a party to the offense solely because of his criminal responsibility for the conduct of Valdez. To the contrary, Walker and Valdez were jointly indicted as primary actors. Therefore, the charge did not authorize Walker's conviction on a theory not alleged in the indictment. *See Pitts v. State*, 569 S.W.2d 898 (Tex.Cr.App.1978). The fifth ground of error is overruled.

■ Walker contends in his sixth ground of error that the trial court erred in instructing the jury that Walker should be found "not guilty" if the evidence raised in the mind of the jurors a reasonable doubt as to his presence at the place where the offense was committed. Walker urges that the defense of alibi should be characterized as a common law affirmative defense and that the State should be required to disprove the alibi beyond a reasonable doubt.

The Court of Criminal Appeals has addressed this issue in *Miller v. State*, 660 S.W.2d 95 (Tex.Cr.App.1983). The court held that alibi is not an affirmative defense but rather a *defense*. The charge to the jury in *Miller* provided that

> *if the evidence raises in your mind a reasonable doubt as to the presence of the defendant at the place where the offense was committed, at the time of the commission of the same, if the same was committed, you will give the defend-*

ant the benefit of such doubt and find him not guilty.

*Id.* at 96 (emphasis in original). The court held that such an instruction on alibi is proper. *Id.*

The charge in the instant case was in compliance with Tex.Pen.Code Ann. § 2.03(d) (1974), and with the holding in *Miller v. State, supra.* Accordingly, Walker's sixth ground of error is without merit and is overruled.

By his seventh ground of error, Walker urges that the trial court erred by denying his request to instruct the jury at the punishment stage that it was not to consider the evidence relating to unadjudicated extraneous offenses in assessing punishment. This evidence was introduced at the guilt-innocence stage of the trial, and the charge at that stage limited the jury's consideration of the evidence to its determination of the identity of Walker as the guilty party. The guilt-innocence charge also instructed the jury to consider this evidence for no other purpose.

 Our research discloses only three published opinions in which this issue is discussed: *Gillon v. State,* 492 S.W.2d 948 (Tex.Cr.App.), *cert. denied,* 414 U.S. 924, 94 S.Ct. 255, 38 L.Ed.2d 158 (1973); *Henriksen v. State,* 500 S.W.2d 491 (Tex.Cr. App.1973); *January v. State,* 678 S.W.2d 243 (Tex.App.1984, pet. ref'd). In *Gillon v. State, supra,* the punishment charge incorporated by reference the limiting charge from the guilt-innocence stage of the trial, and this was held sufficient to protect the appellant's rights. In *Henriksen v. State, supra,* the court instructed the jury on the limited use of the evidence at the guilt-innocence stage of the trial, and instructed the jury it could use the evidence *for no other purpose.* The jury was also instructed that the limiting charge contained the law applicable to the case. The punishment charge instructed the jury "to set the punishment in accordance with the law." 500 S.W.2d at 496. In *January v. State, supra,* the punishment charge instructed the jury to assess punishment "on the facts of the case as testified to by the witnesses

and the law as given to you in the charge of the court," 678 S.W.2d at 245, and the Court of Appeals found no reversible error in the lack of a limiting instruction in the punishment charge.

In the instant appeal, the court's charge at the guilt-innocence stage stated that the jury could not consider evidence of extraneous offenses

> *for any purpose* unless you find and believe beyond a reasonable doubt from such testimony that other acts were committed, you may then consider the same in determining the purpose for which it was introduced *and no other purpose.*

(emphasis added). As in *Henriksen v. State, supra,* the charge at the guilt-innocence stage of the instant appeal stated that the law applicable to the case was contained therein. While the punishment charge did not explicitly incorporate the earlier charge, failure to so incorporate is not reversible error. While the better practice would have been to grant the requested instruction limiting consideration of the unadjudicated extraneous offense at the punishment stage, we find no reversible error because the earlier charge specifically limited the jury's consideration of this offense to that contained in the charge *and for no other purpose,* and this charge contained the law applicable to the case. The seventh ground of error is overruled.

Walker complains in his eighth and ninth grounds of error that the trial court erred in admitting testimony of Johnson regarding the value of the property stolen from him. According to Walker, Johnson had no special expertise in determining fair market value of the property and his testimony was therefore hearsay.

 Under Texas law, the owner of property unlawfully taken from him may testify as to the value of the property even though he is not qualified to testify as an expert regarding what the fair market value of the property might be. *Johnson v. State,* 676 S.W.2d 416 (Tex.Cr.App.1984). In the instant cause, Johnson testified that he had purchased the watch in 1966 or 1967

for $125.00, and the ring in 1967 for $90.00. He further testified that the ring was 14 carat gold. On redirect examination, Johnson testified that he claimed a total of $550.00 on his insurance claim and that he would not have accepted $200.00 for the property. Accordingly, the complainant's testimony was properly admitted and Walker's eighth and ninth grounds of error are overruled.

■ Walker was indicted for burglary of a vehicle, Tex.Pen.Code Ann. § 30.04 (1974), and for theft, 1981 Tex.Gen.Laws, Ch. 298, § 1, at 849 [Tex.Pen.Code § 31.03]. Both offenses were submitted to the jury, with the instruction to first consider the offense of burglary of a vehicle. The jury was further charged to convict Walker of that offense if it was convinced of his guilt beyond a reasonable doubt, "but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of the first count in the indictment [burglary of a vehicle] and proceed to consider the second count in the indictment [theft]." The jury found Walker guilty of theft, and it must be assumed the jury found him not guilty of burglary of a vehicle.

In his final ground of error, Walker contends that in acquitting him of the burglary of Johnson's car, while convicting him of the theft of the property taken from the car, the jury returned inconsistent verdicts. *See Hite v. State*, 650 S.W.2d 778 (Tex.Cr. App.1983). Walker argues that having found him not guilty of burglarizing Johnson's car, the jury could not reasonably find him guilty of taking Johnson's property without his effective consent, § 31.-03(b)(1), *supra*, as alleged in the indictment. Walker further argues that the only theory of theft consistent with the jury's not guilty verdict on the burglary count is that he appropriated Johnson's property knowing it was stolen by another, § 31.-03(b)(2), *supra*, a theory not alleged in the indictment.

The flaw in Walker's analysis is his assumption that § 31.03(b)(1) and (b)(2), *supra*, define two mutually exclusive theft offenses. While this was once said to be the law, [*see Casey v. State*, 633 S.W.2d 885 (Tex.Cr.App.1982)], this view has since been rejected. *Casey* was expressly overruled in *McClain v. State*, 687 S.W.2d 350 (Tex.Cr.App.1985). In *McClain*, the Court of Criminal Appeals stated:

[W]hat separates lawful acquisitive conduct from theft is knowledge of a crucial "circumstance surrounding the conduct" —that the acquisition is "without the owner's consent." The crime of theft requires the "forbidden conduct" element of the offense ("exercise of control over property") to be accompanied by this "circumstance surrounding the conduct," and V.T.C.A. Penal Code, § 6.03(b), requires proof of the actor's knowledge of that "circumstance surrounding the conduct:" that the conduct is "without the owner's consent." With this crucial feature, the actor's acquisitive conduct is clearly "unlawful." *See Lugo-Lugo v. State*, 650 S.W.2d 72 (Tex. Cr.App.1983) (Opinion concurring on state's motion for rehearing).

It is logically apparent that *one way* to prove the actor had "knowledge" that his exercise of control over property was "without the owner's consent" is to prove that at some point during his exercise of control he "knew it was stolen by another." Thus, knowing the property possessed "was stolen by another" is merely a subset of knowing the possession is "without the owner's consent."

\* \* \* \* \* \*

Thus, it is clear that the general allegation that the conduct and accompanying mental state (appropriation with the intent to deprive) were done "unlawfully," or even "without the owner's consent," would support a conviction for theft in which the proof established the actor's "initial taking," his "receipt knowing the property was stolen" or neither such mode of acquisition, so long as all elements of the theft were proved. Section 31.03(b)(1) and (2) simply do not provide the "nature of the forbidden conduct;" instead, they are both only *"circum-*

*stances surrounding* the conduct," which in no way constitute "acts or omissions" of the defendant. It follows that these provisions have evidentiary import only in terms of establishing the "unlawfulness" of the appropriation....

687 S.W.2d at 354, 355 (footnotes omitted) (emphasis in original).

There is adequate evidence from which the jury could have reasonably concluded that Walker appropriated Johnson's property unlawfully, even if the jury believed Walker did not burglarize Johnson's car. Walker's tenth ground of error is overruled, and the judgment of the trial court is affirmed.