TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00731-CR







Raymond Paniagua, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0960741, HONORABLE JON N. WISSER, JUDGE PRESIDING






 Appellant was convicted of aggravated sexual assault of a twelve-year-old child and
sentenced to serve twenty-two years in the state penitentiary. See Tex. Penal Code Ann. art. 22.021
(West 1994). In two points of error appellant argues that (1) the evidence was factually insufficient to
support the conviction, and (2) the trial court erred in excluding evidence of the victim's prior sexual
conduct. We will affirm the judgment of the trial court.


Factual Sufficiency

 In his first point of error, appellant argues that the State's reliance on the victim's
"inconsistent" testimony about the alleged offense without corroborating physical evidence is insufficient to
support the jury's verdict that appellant sexually assaulted the victim. 

 When the court of appeals conducts a factual-sufficiency review, the court views all the
evidence equally, including the testimony of defense witnesses and the existence of alternate hypotheses. 
The court does not view the evidence in the light most favorable to the prosecution as it does in legal-sufficiency review. The court should set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 136 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed).

 The State presented four witnesses: appellant's mother, the twelve-year-old victim, the
victim's mother, and the detective that investigated the alleged offense. The victim's testimony, however,
was the only evidence introduced by the State describing the events leading up to the alleged sexual assault. 
The victim testified that in September 1995 she had sexual intercourse with appellant on two occasions. 
She testified that the first incident took place after she had snuck out from her house to see appellant's
stepsister, E.P. She testified that on the way to E.P.'s house, appellant saw her while driving home to his
house and picked her up. Appellant, at the time of the offense, lived in a small home behind the main house
where E.P. and the rest of appellant's family lived. Once the victim and appellant arrived at E.P.'s house,
they went into appellant's home instead of the main house. She testified that once inside appellant's home
they sat down on his bed and began watching television. She then stated that appellant got up from the bed,
turned off the lights, removed her clothes, took off his pants, and began having sexual intercourse with her. 
While she testified that she did not resist appellant's advancements, she did at one point "quietly" ask the
appellant to stop. (1) The entire episode lasted approximately one hour. After it was over she put on her
clothes and appellant drove her home. 

 The victim testified that the second incident took place within a week of the first sexual
encounter with appellant. She testified that she again snuck out of her house to meet appellant who was
waiting for her outside. Appellant drove her back to his house where they again engaged in sexual
intercourse. She testified that she went back to appellant's house a second time because she was "scared"
he might "do something" if she did not go back. She testified that she felt like appellant was "controlling"
the situation after their first sexual encounter. 

 Appellant argues that the victim's testimony is unreliable and thus insufficient to support the
jury's verdict because on cross examination she gave conflicting testimony about the events leading up to
the first sexual encounter with appellant. In particular, appellant directs us to the victim's testimony that
when she first reported the incident to the police, she told the officer that her first sexual encounter with
appellant took place "after school" while she was visiting E.P., and not at night as she stated on direct
examination. Furthermore, appellant contends that anyone who admits deceiving her parents by sneaking
out late at night is unreliable. 

 The State rejoins by directing our attention to the re-direct examination of the victim. On
re-direct, the victim testified that the inconsistent testimony was a result of her unfamiliarity with the officer
and the "uncomfortable" feeling she had telling him what happened. The victim then reiterated the fact that
appellant had sexual intercourse with her in September 1995.

 While we agree with appellant that there do appear to be some inconsistencies with the
victim's testimony, we do not believe that such inconsistencies would allow us to hold as a matter of law
that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
A conviction is supportable on the uncorroborated testimony of the victim of a sexual offense if the victim
is younger than eighteen years of age. See Tex. Code Crim. Proc. art. 38.07 (West 1998). It is up to the
trier of fact to resolve inconsistencies in the testimony. The jury is the sole judge of the credibility of 
witnesses and the weight to be given to their testimony. Therefore, we hold that the evidence was sufficient
to support the jury's verdict and overrule appellant's first point of error.


Exclusion of Evidence

 In his second point of error, appellant argues that the trial court erred in excluding evidence
of the victim's prior sexual conduct. Specifically, appellant argues that because the victim testified that she
had never had a sexual relationship prior to the encounter with the appellant, the State "opened the door"
for appellant to introduce evidence of the victim's prior sexual conduct.

 Prior to appellant's cross examination of the victim, appellant's counsel asked to approach
the bench to discuss the admissibility of the victim's prior sexual conduct. The judge then removed the jury
from the courtroom and asked appellant's counsel why he believed such evidence was admissible. 
Appellant's counsel responded with the following argument:


MR. SCHULMAN [appellant's counsel]: Your Honor, in the State's opening, Mr. 
Adkins [the prosecutor] informed the jury that they would see evidence -- expected they
would see evidence that this was the first time--this was the first time something like this
ever happened. And on direct examination, Mr. Adkins specifically asked, "Has anything
like this ever happened before?" And then later, "Had you ever done this before?" 


Your Honor, we believe that he was specifically asking the child whether she had sexual
intercourse before and is telling the jury, through opening argument, that the child never had
sexual intercourse before. We believe the State, while they are entitled to put this in, has
opened the door to evidence of prior conduct. And as we said off the record, advising the
Court that we, with the Court's permission, of course, intend to ask questions to that
effect.



As to the relevance of the victim's prior sexual conduct, appellant's counsel stated:


MR. SCHULMAN: Your Honor, at this point it goes certainly to her credibility having
testified that she never did. Second thing is, I believe that it goes to her bias and motive. 
And expect to put on testimony demonstrating that this child has reason to fabricate her
testimony and that she engaged in conduct like this before.



 After hearing appellant counsel's response to the relevancy of such evidence, the court
agreed to hold a hearing outside the presence of the jury to determine if evidence of the victim's past sexual
conduct was permissible under Texas Rules of Criminal Evidence 412. In relevant part, Rule 412(b)
prohibits specific instances of an alleged victim's past sexual behavior unless:

. . .


(2) it is evidence (A) that is necessary to rebut or explain scientific or medical evidence
offered by the state; (B) of past sexual behavior with the accused and is offered by
the accused upon the issue of whether the alleged victim consented to the sexual
behavior which is the basis of the offense charged; (C) that relates to the motive
or bias of the alleged victim; (D) is admissible under Rule 609; or (E) that is
constitutionally required to be admitted; and 


(3) its probative value outweighs the danger of unfair prejudice.


Tex. R. Crim. Evid. 412 (emphasis added).

 After a series of arguments concerning the applicability of Rule 412, (2) the court agreed to
hold an in camera hearing of the appellant's evidence of the victim's past sexual conduct pursuant to Rule
412(c). Rule 412(c) states in relevant part:


If the Defendant proposes to introduce any documentary evidence or to ask any question,
either by direct examination or cross examination of any witness, concerning specific
instances of the alleged victim's prior sexual behavior, the defendant must inform the court
out of the hearing of the jury prior to introducing any such evidence or asking any such
question. After this notice, the court shall conduct an in camera hearing, recorded by the
court reporter, to determine whether the proposed evidence is admissible under paragraph
(b) of this rule.



 At the in camera hearing the following exchange took place between appellant's counsel
and the Court:


MR. SCHULMAN: May it please the Court, I intend to stand on my statement that Rule
412 and these exceptions in here do not apply. And accordingly will decline to ask these
questions based on your prior ruling. (3) And if the situation presents itself, we'll take it to
the Appellate Court. 


We believe that we're entitled to ask these [questions]-- the in camera hearing is not
appropriate. If your Honor insists on an in camera hearing we'll decline to ask the
question.


THE COURT: Very well. The Court is of the opinion that Rule 412, Section C requires
that an in camera hearing and the Court is now allowing the defense to question the witness
and show the Court that this evidence is admissible. And if the defense declines to do so,
the Court will sustain the State's objection [to the admissibility of evidence of the victim's
prior sexual conduct].



 As the previous testimony shows, the appellant refused to make an offer of proof or a bill
of exception regarding the evidence he wanted to introduce at trial. Therefore, we hold that appellant failed
to preserve any error for our review regarding the admissibility of evidence of the victim's prior sexual
conduct. Tex. R. Crim. Evid. 103(a). Furthermore, even if we had concluded that there was error in
excluding evidence of the victim's past sexual conduct and that error had been preserved, appellant
concedes that such error would be harmless if the new "harmless error" rule in Texas Rule of Appellate
Procedures 44.2(b) applies to the instant case. We hold that Rule 44.2(b) is applicable and accept
appellant's concession.

 Rule 44.2(b) provides:


Other Errors. Any other error, defect, irregularity, or variance [that is not constitutional
error] that does not affect substantial rights must be disregarded.




The Court of Criminal Appeals ordered on August 15, 1997, that



2. These amended rules take effect September 1, 1997. Unless this order provides
otherwise, they shall govern all proceedings in motions for new trials, appeals, petition for
discretionary review, and petitions or applications for extraordinary writs thereafter brought
and in all such proceedings then pending, except to the extent that in the opinion of
the Court their application in a particular proceeding then pending would not be
feasible or would work injustice, in which case the former procedure may be
followed.



(Emphasis added.) Following this order, the Court of Criminal Appeals as well as other jurisdictions in this
State, in decisions subsequent to September 1,1997, have applied the "new" harmless error rule regardless
of when the case was tried or notice of appeal was given. See King v. State, No. 72145, slip op. at 9
(Tex. Crim. App. September 24, 1997); Fowler v. State, No. 10-96-190-CR, slip op. at 18 (Tex.
App.--Waco Nov. 12, 1997, no pet. h.). Therefore, we overrule appellant's second point of error.

 Having overruled both of appellant's points of error, we affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 29, 1998

Do Not Publish
1. Although the victim testified that she told appellant to stop, she admitted that she said it very
softly and was not sure that appellant heard her request.
2. Appellant's counsel argued that Rule 412 was not applicable to the instant case because once
the State opened the door concerning the victim's prior sexual conduct, appellant was allowed to
impeach the victim without being subject to Rule 412. We need not decide the applicability of Rule
412 to the instant case however because appellant failed to properly preserve any such error for our
review. 
3. Appellant's counsel was referring to the court's ruling that Rule 412 is applicable to the instant
case.



itled to ask these [questions]-- the in camera hearing is not
appropriate. If your Honor insists on an in camera hearing we'll decline to ask the
question.


THE COURT: Very well. The Court is of the opinion that Rule 412, Section C requires
that an in camera hearing and the Court is now allowing the defense to question the witness
and show the Court that this evidence is admissible. And if the defense declines to do so,
the Court will sustain the State's objection [to the admissibility of evidence of the victim's
prior sexual conduct].



 As the previous testimony shows, the appellant refused to make an offer of proof or a bill
of exception regarding the evidence he wanted to introduce at trial. Therefore, we hold that appellant failed
to preserve any error for our review regarding the admissibility of evidence of the victim's prior sexual
conduct. Tex. R. Crim. Evid. 103(a). Furthermore, even if we had concluded that there was error in
excluding evidence of the victim's past sexual conduct and that error had been preserved, appellant
concedes that such error would be harmless if the new "harmless error" rule in Texas Rule of Appellate
Procedures 44.2(b) applies to the instant case. We hold that Rule 44.2(b) is applicable and accept
appellant's concession.

 Rule 44.2(b) provides:


Other Errors. des that such error would be harmless if the new "harmless error" rule in Texas Rule of Appellate
Procedures 44.2(b) applies to the instant case. We hold that Rule 44.2(b) is applicable and accept
appellant's concession.

 Rule 44.2(b) provides:


Other Errors. ENTER" WIDTH="26%">




Raymond Paniagua, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0960741, HONORABLE JON N. WISSER, JUDGE PRESIDING






 Appellant was convicted of aggravated sexual assault of a twelve-year-old child and
sentenced to serve twenty-two years in the state penitentiary. See Tex. Penal Code Ann. art. 22.021
(West 1994). In two points of error appellant argues that (1) the evidence was factually insufficient to
support the conviction, and (2) the trial court erred in excluding evidence of the victim's prior sexual
conduct. We will affirm the judgment of the trial court.


Factual Sufficiency

 In his first point of error, appellant argues that the State's reliance on the victim's
"inconsistent" testimony about the alleged offense without corroborating physical evidence is insufficient to
support the jury's verdict that appellant sexually assaulted the victim. 

 When the court of appeals conducts a factual-sufficiency review, the court views all the
evidence equally, including the testimony of defense witnesses and the existence of alternate hypotheses. 
The court does not view the evidence in the light most favorable to the prosecution as it does in legal-sufficiency review. The court should set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 136 (Tex.
Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely
filed).

 The State presented four witnesses: appellant's mother, the twelve-year-old victim, the
victim's mother, and the detective that investigated the alleged offense. The victim's testimony, however,
was the only evidence introduced by the State describing the events leading up to the alleged sexual assault. 
The victim testified that in September 1995 she had sexual intercourse with appellant on two occasions. 
She testified that the first incident took place after she had snuck out from her house to see appellant's
stepsister, E.P. She testified that on the way to E.P.'s house, appellant saw her while driving home to his
house and picked her up. Appellant, at the time of the offense, lived in a small home behind the main house
where E.P. and the rest of appellant's family lived. Once the victim and appellant arrived at E.P.'s house,
they went into appellant's home instead of the main house. She testified that once inside appellant's home
they sat down on his bed and began watching television. She then stated that appellant got up from the bed,
turned off the lights, removed her clothes, took off his pants, and began having sexual intercourse with her. 
While she testified that she did not resist appellant's advancements, she did at one point "quietly" ask the
appellant to stop. (1) The entire episode lasted approximately one hour. After it was over she put on her
clothes and appellant drove her home. 

 The victim testified that the second incident took place within a week of the first sexual
encounter with appellant. She testified that she again snuck out of her house to meet appellant who was
waiting for her outside. Appellant drove her back to his house where they again engaged in sexual
intercourse. She testified that she went back to appellant's house a second time because she was "scared"
he might "do something" if she did not go back. She testified that she felt like appellant was "controlling"
the situation after their first sexual encounter. 

 Appellant argues that the victim's testimony is unreliable and thus insufficient to support the
jury's verdict because on cross examination she gave conflicting testimony about the events leading up to
the first sexual encounter with appellant. In particular, appellant directs us to the victim's testimony that
when she first reported the incident to the police, she told the officer that her first sexual encounter with
appellant took place "after school" while she was visiting E.P., and not at night as she stated on direct
examination. Furthermore, appellant contends that anyone who admits deceiving her parents by sneaking
out late at night is unreliable. 

 The State rejoins by directing our attention to the re-direct examination of the victim. On
re-direct, the victim testified that the inconsistent testimony was a result of her unfamiliarity with the officer
and the "uncomfortable" feeling she had telling him what happened. The victim then reiterated the fact that
appellant had sexual intercourse with her in September 1995.

 While we agree with appellant that there do appear to be some inconsistencies with the
victim's testimony, we do not believe that such inconsistencies would allow us to hold as a matter of law
that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
A conviction is supportable on the uncorroborated testimony of the victim of a sexual offense if the victim
is younger than eighteen years of age. See Tex. Code Crim. Proc. art. 38.07 (West 1998). It is up to the
trier of fact to resolve inconsistencies in the testimony. The jury is the sole judge of the credibility of 
witnesses and the weight to be given to their testimony. Therefore, we hold that the evidence was sufficient
to support the jury's verdict and overrule appellant's first point of error.


Exclusion of Evidence

 In his second point of error, appellant argues that the trial court erred in excluding evidence
of the victim's prior sexual conduct. Specifically, appellant argues that because the victim testified that she
had never had a sexual relationship prior to the encounter with the appellant, the State "opened the door"
for appellant to introduce evidence of the victim's prior sexual conduct.

 Prior to appellant's cross examination of the victim, appellant's counsel asked to approach
the bench to discuss the admissibility of the victim's prior sexual conduct. The judge then removed the jury
from the courtroom and asked appellant's counsel why he believed such evidence was admissible. 
Appellant's counsel responded with the following argument:


MR. SCHULMAN [appellant's counsel]: Your Honor, in the State's opening, Mr. 
Adkins [the prosecutor] informed the jury that they would see evidence -- expected they
would see evidence that this was the first time--this was the first time something like this
ever happened. And on direct examination, Mr. Adkins specifically asked, "Has anything
like this ever happened before?" And then later, "Had you ever done this before?" 


Your Honor, we believe that he was specifically asking the child whether she had sexual
intercourse before and is telling the jury, through opening argument, that the child never had
sexual intercourse before. We believe the State, while they are entitled to put this in, has
opened the door to evidence of prior conduct. And as we said off the record, advising the
Court that we, with the Court's permission, of course, intend to ask questions to that
effect.



As to the relevance of the victim's prior sexual conduct, appellant's counsel stated:


MR. SCHULMAN: Your Honor, at this point it goes certainly to her credibility having
testified that she never did. Second thing is, I believe that it goes to her bias and motive. 
And expect to put on testimony demonstrating that this child has reason to fabricate her
testimony and that she engaged in conduct like this before.



 After hearing appellant counsel's response to the relevancy of such evidence, the court
agreed to hold a hearing outside the presence of the jury to determine if evidence of the victim's past sexual
conduct was permissible under Texas Rules of Criminal Evidence 412. In relevant part, Rule 412(b)
prohibits specific instances of an alleged victim's past sexual behavior unless:

. . .


(2) it is evidence (A) that is necessary to rebut or explain scientific or medical evidence
offered by the state; (B) of past sexual behavior with the accused and is offered by
the accused upon the issue of whether the alleged victim consented to the sexual
behavior which is the basis of the offense charged; (C) that relates to the motive
or bias of the alleged victim; (D) is admissible under Rule 609; or (E) that is
constitutionally required to be admitted; and 


(3) its probative value outweighs the danger of unfair prejudice.


Tex. R. Crim. Evid. 412 (emphasis added).

 After a series of arguments concerning the applicability of Rule 412, (2) the court agreed to
hold an in camera hearing of the appellant's evidence of the victim's past sexual conduct pursuant to Rule
412(c). Rule 412(c) states in relevant part:


If the Defendant proposes to introduce any documentary evidence or to ask any question,
either by direct examination or cross examination of any witness, concerning specific
instances of the alleged victim's prior sexual behavior, the defendant must inform the court
out of the hearing of the jury prior to introducing any such evidence or asking any such
question. After this notice, the court shall conduct an in camera hearing, recorded by the
court reporter, to determine whether the proposed evidence is admissible under paragraph
(b) of this rule.



 At the in camera hearing the following exchange took place between appellant's counsel
and the Court:


MR. SCHULMAN: May it please the Court, I intend to stand on my statement that Rule
412 and these exceptions in here do not apply. And accordingly will decline to ask these
questions based on your prior ruling. (3) And if the situation presents itself, we'll take it to
the Appellate Court. 


We believe that we're entitled to ask these [questions]-- the in camera hearing is not
appropriate. If your Honor insists on an in camera hearing we'll decline to ask the
question.


THE COURT: Very well. The Court is of the opinion that Rule 412, Section C requires
that an in camera hearing and the Court is now allowing the defense to question the witness
and show the Court that this evidence is admissible. And if the defense declines to do so,
the Court will sustain the State's objection [to the admissibility of evidence of the victim's
prior sexual conduct].



 As the previous testimony shows, the appellant refused to make an offer of proof or a bill
of exception regarding the evidence he wanted to introduce at trial. Therefore, we hold that appellant failed
to preserve any error for our review regarding the admissibility of evidence of the victim's prior sexual
conduct. Tex. R. Crim. Evid. 103(a). Furthermore, even if we had concluded that there was error in
excluding evidence of the victim's past sexual conduct and that error had been preserved, appellant
concedes that such error would be harmless if the new "harmless error" rule in Texas Rule of Appellate
Procedures 44.2(b) applies to the instant case. We hold that Rule 44.2(b) is applicable and accept
appellant's concession.

 Rule 44.2(b) provides:


Other Errors. Any other error, defect, irregularity, or variance [that is not constitutional
error] that does not affect substantial rights must be disregarded.




The Court of Criminal Appeals ordered on August 15, 1997, that



2. These amended rules take effect September 1, 1997. Unless this order provides
otherwise, they shall govern all proceedings in motions for new trials, appeals, petition for
discretionary review, and petitions or applications for extraordinary writs thereafter brought
and in all such proceedings then pending, except to the extent that in the opinion of
the Court their application in a particular proceeding then pending would not be
feasible or would work injustice, in which case the former procedure may be
followed.



(Emphasis added.) Following this order, the Court of Criminal Appeals as well as other jurisdictions in this
State, in decisions subsequent to September 1,1997, have applied the "new" harmless error rule regardless
of when the case was tried or notice of appeal was given. See King v. State, No. 72145, slip op. at 9
(Tex. Crim. App. September 24, 1997); Fowler v. State, No. 10-96-190-CR, slip op. at 18 (Tex.
App.--Waco Nov. 12, 1997, no pet. h.). Therefore, we overrule appellant's second point of error.

 Having overruled both of appellant's points of error, we affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 29, 1998

Do Not Publish
1. Although the victim testified that she told appellant to stop, she admitted that she said it very
softly and was not sure that appellant heard her request.
2. Appellant's counsel argued that Rule 412 was not applicable to the instant case because once
the State opened the door concerning the victim's prior sexual conduct, appellant was allowed to
impeach the victim without being subject to Rule 412. We need not decide the applicability of Rule
412 to the instant case however because appellant failed to properly preserve any such error for our
review. 
3. Appellant's counsel was referring to the court's ruling that Rule 412 is applicable to the instant
case.



itled to ask these [questions]-- the in camera hearing is not
appropriate. If your Honor insists on an in camera hearing we'll decline to ask the
question.


THE COURT: Very well. The Court is of the opinion that Rule 412, Section C requires
that an in camera hearing and the Court is now allowing the defense to question the witness
and show the Court that this evidence is admissible. And if the defense declines to do so,
the Court will sustain the State's objection [to the admissibility of evidence of the victim's
prior sexual conduct].



 As the previous testimony shows, the appellant refused to make an offer of proof or a bill
of exception regarding the evidence he wanted to introduce at trial. Therefore, we hold that appellant failed
to preserve any error for our review regarding the admissibility of evidence of the victim's prior sexual
conduct. Tex. R. Crim. Evid. 103(a). Furthermore, even if we had concluded that there was error in
excluding evidence of the victim's past sexual conduct and that error had been preserved, appellant
concedes that such error would be harmless if the new "harmless error" rule in Texas Rule of Appellate
Procedures 44.2(b) applies to the instant case. We hold that Rule 44.2(b) is applicable and accept
appellant's concession.

 Rule 44.2(b) provides:


Other Errors. enter a building without the consent of its owner. This, of course, alleged the offense of attempted burglary of a building. However, if from any source the evidence also established that the appellant did not have the specific intent to commit the offense of theft, but the evidence from any source established that he had some other, but non-criminal intent, then he was entitled to an instruction on the other, but lesser included offense of attempted criminal trespass.
The undisputed facts of this cause reflect that during the early morning of the day in question, police officers saw appellant and another person huddled together facing the front door of a building that housed a closed bar. When the officers approached the two persons, and challenged them as to what they were doing, they attempted to flee but were soon apprehended.
From these brief facts, it should be obvious to anyone that there is no direct evidence that would establish what intent appellant then had.
The majority states: "In the case at bar, while proving the offense of attempted burglary of a building with intent to commit theft, the State also proved the offense of attempted criminal trespass. There was, however, no evidence in the record from any source which showed that if Appellant was guilty, he was guilty of criminal trespass only." Overlooked by the majority is the simple fact that there is also no evidence in the record which would show just exactly what intent appellant had when he was in the huddled position outside of the closed building.
It is obvious from the evidence adduced that appellant committed a criminal wrong. The question, however, is just what wrong did he commit? Is it attempted burglary or is it attempted criminal trespass? If he did not have the specific intent to commit theft, he would not be guilty of attempted burglary, but could have been found guilty of attempted criminal trespass.
Perhaps, if the majority would carefully examine and study the following statement that appellant's counsel makes in his appellate brief, it would see why its holding is erroneous: "Where there is no direct evidence on an element of the offense charged, and the circumstantial evidence, if any, on such element is equally probative, if at all, of a different hypothesis, and if such other hypothesis would, if true, be sufficient to establish culpability for a lesser included offense of the offense charged, then upon timely motion ... the issue of guilt upon such lesser included offense should be submitted to the jury."
Of course, had the circumstances of this case been such so as to render unreasonable all other possible interpretations of the facts except the State's theory that appellant was guilty only of the offense of attempted burglary, then there would have been no obligation on the part of the trial *563 judge to instruct the jury on another theory of what offense appellant might be guilty of committing. However, in this instance, there was another, but just as reasonable and viable legal theory applicable to this case, which was, for example, that when huddled with his cohort outside the closed building, appellant then had the intent only to find an enclosed place to sleep and was trying to enter the closed building for that purpose and no other. It was for the fact finder to decide just what intent appellant then had. Because the trial court did not instruct the jury on the lesser included offense of attempted criminal trespass, the jury was deprived of making an alternative finding, thus depriving appellant of a fair trial.
For all of the above reasons, appellant was entitled to an instruction on the lesser included offense of criminal trespass. The El Paso Court of Appeals correctly resolved the issue in appellant's favor. Its judgment should be affirmed and not reversed. To the action of the majority holding that appellant was not entitled to an instruction on the lesser included offense of attempted criminal trespass, and reversing the judgment of the court of appeals, I respectfully dissent.
NOTES
[1] See, Lugo v. State, 667 S.W.2d 144 (Tex.Cr. App.1984).
[2] We leave for another day the issue of whether this is truly a presumption or simply a permissible inference. See, Hardesty v. State, 656 S.W.2d 73 (Tex.Cr.App.1983). For the inauspicious genesis of the rule, see Mullins v. State, 35 Tex.Crim. 149, 32 S.W. 691 (1895) and Alexander v. State, 31 Tex.Crim. 359, 20 S.W. 756 (1892).
[1] All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.
[1] Alibi is not, however, a statutory affirmative defense. See Miller v. State, 660 S.W.2d 95 (Tex.Cr.App.1983).
[2] So named after the following cases of this Court: Royster v. State, 622 S.W.2d 442 (Tex.Cr. App.1981); Watson v. State, 605 S.W.2d 877 (Tex.Cr.App.1980); McBrayer v. State, 504 S.W.2d 445 (Tex.Cr.App.1974); Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (Tex. Cr.App.1952).