**Chris HALIBURTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–99–007–CR.**

Court of Appeals of Texas, Waco.

June 28, 2000.

John M. Hurley, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Laura M. Alaniz, Asst. Crim. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Chris Haliburton was charged with two counts of burglary of a habitation. TEX. PEN.CODE ANN. § 30.02 (Vernon Supp. 2000). The jury found him not guilty of count one, but guilty of count two. Punishment was assessed at twelve years imprisonment. He appeals, asserting three issues for review. Finding no error in the court below, we will affirm the judgment.

### FACTS

On January 28, 1998, Haliburton entered Joy Miles' home a little after 9:00 in the evening. Miles had gone to bed, but had not fallen asleep. She heard Haliburton in the house, but assumed it was her husband returning from work. She looked into the living room and saw that it was not her husband. Miles got a good look at the man in her living room, but stayed where she was until she heard the door slam. Hoping he was gone, but afraid that he was still in the house, Miles called her best friend, Sarah Anderegg, who told her to call the police immediately. Once the police arrived, Miles determined that her purse had been taken. Miles identified Haliburton from a photographic lineup as the man she saw in her house that evening.

### IMPROPER SENTENCE

In his first issue, Haliburton argues that the trial court erred in cumulating his sentence in this burglary case with the sentence in another case, cause number 94–81–C, an unauthorized use of a motor vehicle (UUMV) charge, not before us in this appeal. In its written judgment, the trial court specifically provided:

The sentence imposed herein shall begin when the judgment and sentence imposed or suspended in the following matter has ceased to operate, to-wit: 94–81–C in the 54th District Court of McLennan County, Texas.

Haliburton complains that this cumulation order is invalid because he had already served time on the UUMV.

■ What happened on the UUMV charge is irrelevant to our decision regarding the cumulation order. The cases relied on by Haliburton to support his claim of error hold a cumulation order is invalid where the defendant has served any part of the sentence on which the cumulation order is attached. *See Ex parte Barley,* 842 S.W.2d 694 (Tex.Crim.App.1992); *Ex parte Reynolds,* 462 S.W.2d 605 (Tex.Crim. App.1970). In this case, the cumulation order is attached to the burglary offense, not the UUMV. Haliburton had never served any part of the sentence in the burglary offense prior to the entry of the cumulation order. Thus, whether or not Haliburton served any of his sentence for an offense other than the burglary is not dispositive.

It is noted that Haliburton was credited with some time served while awaiting his trial and sentence. We have found no case law to support a holding that any time-served credit on a sentence is the equivalent of serving a portion of the sentence prior to the cumulation order. We decline to adopt this proposition as well. Haliburton's first issue is overruled.

**ALIBI INSTRUCTION**

In two issues, Haliburton complains that he was wrongfully denied a jury instruction on the issue of alibi. He initially complains that the court should have instructed the jury even though no request was made for inclusion of such an instruction.

■ In *Giesberg v. State,* the Court of Criminal Appeals held:

When the new Penal Code was adopted, the Legislature chose not to designate alibi as a statutory defense. In the Texas Penal Code, alibi is not enumerated either as a defense or as an affirmative defense. In the revised Penal Code, the statutory defense distinction is reserved for defensive theories involving a defendant's admission that he or she committed the crime, but with explanations to justify a defendant's actions or absolve a defendant of culpability. It also includes defensive theories which do not involve admission of complicity in the commission of the alleged crime, but which nonetheless attempt to explain why a defendant is not criminally culpable.

... If a defendant wishes to rely upon alibi as his defense, he bears the duty of going forward with evidence raising an alibi in order to create a reasonable doubt of the defendant's presence at the time and place where the crime was committed. If the defendant's actual presence at the time and place where the crime was committed is an essential part of the prosecution's case, the State must prove the defendant's actual presence at the scene of the crime beyond a reasonable doubt. From this, it can be seen that an alibi can only create a doubt about whether the State has met its burden of proving that a defendant committed the offense where the defendant's actual presence at the time and place of the commission of the offense is an issue in the State's case.

*Giesberg v. State,* 984 S.W.2d 245, 248 (Tex.Crim.App.1998) (citations omitted). Thus, alibi is a defensive issue which negates an element of the State's burden of proof, but does not warrant special jury instructions. *Id.* at 249. The defensive issue of alibi involves nothing more than the presentation of evidence and argument that a defendant was not present at the scene of the crime to commit it. *Id.* This is simply the negation of the State's allegation that a defendant did then and there upon a certain date and in a certain location commit a certain crime. *Id.* at 250

(citing *Miller v. State,* 660 S.W.2d 95, 96 (Tex.Crim.App.1983)). Furthermore, because such an instruction is unnecessary, the Court held, it would constitute an unwarranted comment on the weight of the evidence by the trial court. *Id.* Thus, it cannot be said that the court erred in failing to give the instruction. Issue two is overruled.

Haliburton also urges us to find that trial counsel was ineffective in failing to request an instruction on alibi. Because we have determined that he was not entitled to such an instruction, it cannot be said that counsel was deficient in failing to request it. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (setting forth the standard for reviewing the effectiveness of counsel); *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim.App.1986) (adopting the standard set forth in *Strickland* ). Issue three is overruled.

CONCLUSION

Having overruled each issue presented, we affirm the judgment.