MARY'S OPINION HEADING 







                                                                                    NOS. 12-04-00126-CR
 12-04-00127-CR
 
IN THE COURT OF APPEALS
 
TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JAMES RUSSELL HAMILTON,                      §                APPEAL FROM THE SECOND
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                CHEROKEE COUNTY, TEXAS
                                                                                                                                                              
MEMORANDUM OPINION
            These are revocation of community supervision cases. Appellant contends that the trial court
erred in ordering his sentence in appellate cause number 12-04-00126-CR (forgery–habitual offender)
to be served consecutively with the sentence imposed by the trial court on the same day in appellate
cause number 12-04-00127-CR, germane only to the appeal in 12-04-00126-CR (unauthorized use
of a motor vehicle–habitual offender). In his second issue, Appellant maintains the trial court erred
in sentencing him to imprisonment for ten years when the offense charged in the indictment was a
state jail felony. We affirm the judgments in both cases.
 
Background
            Appellant was charged by indictment with forgery of a twenty-dollar check. On June 16,
1998, the day of trial, the trial judge granted the State’s motion to amend the indictment to add two
paragraphs. The order set forth the enhancement counts in full; however, no interlineations or
additions were made to the original indictment nor was a photocopy of the original indictment with
the changes made thereon included in the record. Appellant raised no objection to the amendment. 
Upon his plea of guilty, the trial judge found Appellant guilty and placed him on community
supervision for ten years.
            On the same date, Appellant pleaded guilty to the offense of unauthorized use of a motor
vehicle (12-04-00127-CR), enhanced by the same two prior felony convictions used to enhance
punishment in the forgery case. The trial court adjudged Appellant guilty of the offense, but also
accorded him community supervision for a term of ten years in this case. The cases did not arise out
of the same criminal episode.
            On October 17, 2003, Appellant pleaded true to the violation of the conditions of community
supervision ordered in both cases. On that date, the trial judge rendered judgment revoking
Appellant’s community supervision in both cases and assessed punishment in each case at
imprisonment for ten years. On February 4, 2004, the trial judge sentenced Appellant and ordered that
the punishment imposed in the forgery case “be served consecutively with cause no. 13589” (the
unauthorized use of a motor vehicle case). In the same sentencing hearing, the trial judge sentenced
Appellant to ten years of imprisonment in the unauthorized use of a motor vehicle case and ordered
that the sentence “be served consecutively with cause no. 13555” (forgery).
 
Cumulative Sentencing
            Appellant contends the trial court erred in ordering the sentences to be served consecutively,
because both cases were tried in the same criminal action. Appellant also argues that since he was
given credit at sentencing for 267 days of jail time served, consecutive sentencing was impermissible.
            A trial court has the discretion to sentence a defendant convicted in two or more cases to
concurrent or cumulative sentences. Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2003). 
However, subject to narrow exceptions inapplicable in this case, if the defendant is tried in a single
criminal action for two or more offenses arising out of the same criminal episode, the sentences
imposed must run concurrently. Tex. Pen. Code Ann. § 3.03(a) (Vernon 2003). Therefore, in order
to be entitled to concurrent sentences, Appellant must establish that the offenses arose out of the
“same criminal episode” and that he was prosecuted in a single criminal action.
            A “criminal episode” is defined as the commission of two or more offenses, regardless of
whether the harm is directed toward or inflicted upon more than one person or item of property under
the following circumstances: (1) the offenses are committed pursuant to the same transaction or
pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
(2) the offenses are the repeated commission of the same or similar offenses. Tex. Pen. Code Ann.
§ 3.01 (Vernon 2003). A single criminal action refers to a single trial or plea proceeding. LaPorte
v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). It has been held that a single criminal action
includes not only the hearing wherein he received probation upon his pleas of guilty but also the
hearing on the State’s motion to revoke probation. Medina v. State, 7 S.W.3d 876, 879 (Tex.
App.–Houston [1st Dist.] 1999, no pet.). Therefore, under this definition, “to be entitled to concurrent
sentences, the appellant must establish that the offenses were consolidated at the time of his pleas as
well as the hearing on the motions to revoke his probations.” Id. (quoting Duran v. State, 844
S.W.2d 745, 748 (Tex. Crim. App. 1992) (Baird, J., concurring)); see also Dach v. State, 49 S.W.3d
490, 491 (Tex. App.–Austin 2001, no pet.). In neither Duran nor Medina did the reviewing court
reach the question of whether the offenses arose out of the same criminal episode.
            In Robbins v. State, 914 S.W.2d 582 (Tex. Crim. App. 1996) (Baird, J., dissenting), a case
relied on by Appellant, the defendant was charged in separate indictments with two offenses of
aggravated sexual assault that arose out of the same transaction. The defendant entered pleas of guilty
without an agreement on punishment. The record showed that the trial court conducted two separate
plea proceedings but one consolidated punishment hearing. Appellant alleged that the trial court erred
in ordering the sentences served consecutively, because they were prosecuted in the same criminal
action. The court of criminal appeals agreed, explaining that a plea proceeding is not complete until
punishment has been assessed, and therefore, the causes were prosecuted in the “same criminal
action.” Id. at 583-84. Had the trial court accepted the plea and imposed sentence in one cause prior
to hearing the plea and imposing sentence in the other, consecutive sentences would have been proper. 
Id.
            Robbins does not aid Appellant. In Robbins, both offenses arose from the same criminal
episode. The two offenses in the instant case, forgery and unauthorized use of a motor vehicle, did
not arise out of the same criminal episode. In order for Appellant to be entitled to concurrent
sentences, he must establish that the offenses arose out of the same criminal episode and that he was
prosecuted in a single criminal action. See Tex. Pen. Code Ann. 3.03(a); Duran, 844 S.W.2d at 747. 
If he fails to prove either, the sentences were properly cumulated.
            Appellant also contends that the trial court erred in ordering his sentences to be served
consecutively, because at sentencing he was given credit in each case for 267 days jail time, and
therefore, his sentence had began to run before it was imposed.
            A cumulation order is invalid where the defendant has served any part of the sentence on
which the cumulation order is attached. Ex parte Barley, 842 S.W.2d 692, 695 (Tex. Crim. App.
1992). In general, the defendant’s sentence begins to run on the day it is pronounced. Tex. Code
Crim. Proc. Ann. art. 42.09 § 1 (Vernon Supp. 2004-05). The Waco Court of Appeals has expressly
rejected the argument Appellant makes here. See Haliburton v. State, 23 S.W.3d 192, 194 (Tex.
App.–Waco 2000, pet. ref’d). We have found no case that supports Appellant’s position. Appellant’s
first issue is overruled.
 
Indictment
            In his second issue, germane only to the appeal in appellate cause number 12-04-00126-CR,
Appellant contends that the trial court erred in sentencing him to ten years of imprisonment because
the offense charged in the indictment was a state jail felony.
            Appellant was charged by indictment with forgery of a twenty-dollar check. On the day of
trial, the trial court granted the State’s motion to amend the indictment to add two enhancement
paragraphs. The order set forth the enhancement counts in full; however, no interlineations or
additions were made to the original, nor was a photocopy of the original indictment with the changes
made thereon included in the record. Appellant raised no objection to the amendment.
            Appellant contends that under the procedure followed by the trial court, there was no effective
amendment of the indictment. Appellant argues that, in the absence of an effective amendment, the
original indictment controls; hence his sentence in cause number 12-04-00126-CR (forgery) should
be no more than that prescribed for a state jail felony, the penalty class of the offense charged in the
indictment. 
            Appellant correctly asserts that the State’s motion to add the enhancement allegations and the
trial court’s order did not accomplish the amendment of the indictment. See Riney v. State, 28
S.W.3d 561, 565-66 (Tex. Crim. App. 2000).


 However, Appellant’s ultimate contention was rejected
by the Texas Court of Criminal Appeals in Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App.
1997) (Meyers, Baird, Overstreet, J.J., dissenting) which held, despite prior decisions to the contrary,
that enhancement allegations must be pleaded in some form, but not necessarily in the indictment.
            To be adequate, the State’s pleading giving notice of an enhancement allegation must provide
“a description of the judgment of former conviction that will enable [the accused] to find the record
and make preparation for a trial of the question whether he is the convict named therein.” Sears v.
State, 91 S.W.3d 451, 454-55 (Tex. App.–Beaumont 2002, no pet.)(quoting Hollins v. State, 571
S.W.2d 873, 875 (Tex. Crim. App. 1978)). Although the State’s pleading was titled “Motion for
Leave to Amend Indictment,” it set forth a description of the former convictions with the specificity
required.
            We conclude the motion was an adequate pleading giving sufficient notice of the State’s intent
to use the described prior convictions for enhancement purposes. Appellant’s second issue is
overruled.
 
Disposition
            The judgments in both cases are affirmed.
 
                                                                                                    BILL BASS 
                                                                                                            Justice

Opinion delivered August 31, 2005.
Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

(DO NOT PUBLISH)